JOHN N. WATTS, SR., et al., v. BEATRICE NEWPORT
In Re: ESTATE OF LETITIA V. GRAHAM, Deceased.

7 So. (2nd) 104                                              En Banc
March 31, 1942

Mabry, Reaves, Carlton & White, Whitaker, Whitaker & Terrell, McKay, Macfarlane, Jackson & Ferguson, Himes & Himes, and Hampton, Bull and Crom, for appellants.

Dickenson & Dickenson and Harry H. Wells, for appellee.

PER CURIAM:

This cause comes on to be heard on the application of appellee to be awarded costs and attorneys' fees from the estate of Mrs. Graham in an attempt to pro-

bate a will that was decided against her. She predicates her application on good faith and Sections 51, 94, 124 and 158 of the Probate Act. The Probate Act embodies the settled law of the country on the subject and authorizes the Probate Judge in his sound discretion to award reasonable and necessary costs and attorneys' fees from the proceeds of the estate to an unsuccessful executor or proponent of the will or in adjusting and settling the affairs of the estate. It must appear however that the executor of the estate or proponent of the will acted in good faith, that his conduct was free from fraud and if the attorneys' fees were undertaken on a contingent basis, it must be shown that the contingency materialized.

The application is accordingly denied without prejudice to apply to the Probate Judge, and if appellee can show that appellee acted in good faith, that the litigation has benefitted the estate, and that as to attorneys' fees if undertaken on a contingent basis and the contingency has materialized, then he may award such costs and attorneys' fees as to him may seem just and proper.

It is so ordered.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.

BUFORD, J., dissents.