**JOHN N. WATTS, SR., et al., v. BEATRICE NEWPORT, In Re: ESTATE OF LETITIA V. GRAHAM, deceased.**

9 So. (2nd) 417                                      En Banc
July 24, 1942

Mabry, Reaves, Carlton & White, Whitaker, Whitaker & Terrell, McKay, Macfarlane, Jackson & Ferguson, Himes & Himes and Hampton, Bull & Crom, for appellants.

Dickenson & Dickenson, B. K. Roberts and Harry H. Wells, for appellee.

ON PETITION FOR CLARIFICATION

CHAPMAN, J.:

On January 3, 1942, Beatrice Newport and her attorneys, Dickenson & Dickenson and H. H. Wells, filed in this Court their petition praying for an order awarding to Beatrice Newport all of her reasonable

costs incurred and for the use and benefit of her attorneys reasonable compensation for services rendered. in an unsuccessful effort to obtain an order admitting to probate an alleged last will and testament of Letitia v. Graham purported to have been executed on August 20, 1937, and that these respective sums so incurred by her be charged against the Letitia Graham estate. Objections on numerous grounds to the aforesaid petition were filed, able oral argument heard and exhaustive briefs filed in support of the contentions of the parties.

On March 31, 1942, this Court entered its opinion and judgment denying the petition or application, without prejudice to the parties to apply to the Probate Court of Hillsborough County for such an order as was sought in this Court. The mandate issued by this Court on the aforesaid opinion and judgment and on the 22nd day of May, 1942, an order was entered in the Circuit Court of Hillsborough County remanding the said cause to the County Judge's Court of Hillsborough County for further proceedings under the directions of the mandate. On May 22, 1942, and a few minutes prior to the entry of the remand order as entered by the Circuit Court of Hillsborough County there was filed in this Court a petition for clarification and modification of the opinion and judgment of this Court dated March 31, 1942, and an order was entered at said time holding our former order in suspense until the further order of this Court.

The cause was heard on the petition for clarification and modification and on the motion to strike or expunge the petition for clarification, when oral argument was made and briefs filed, and the cause is now

before the Court for a ruling. On May 2, 1942, since the rendition of the opinion and judgment now under consideration, W. B. Dickenson, Sr., died and Martha L. Dickenson was appointed executrix of his estate.

The petition now before us contains, among others, the following allegations:

"That said attorneys accepted employment on a contingent fee basis insofar as the payment of attorneys' fees by the said petitioner, Beatrice Newport, was concerned personally; your petitioners having knowledge of the law in such cases in the probate of decedent's estate and having further knowledge of the facts obtained as set out in said original petition and knowing the said Beatrice Newport was indigent and without funds and would be unable to pay fees if she was unsuccessful in the probate of said will, accepted employment and performed all of the work in the said proceedings and informed the petitioner, Beatrice Newport, that in the event of an unsuccessful probate of said will that the law provided for reasonable compensation for their services in that event to be paid out of the estate, which reasonable compensation allowed by the Court to be paid out of said estate would be accepted by them in full as such fees; that said attorneys have received no attorneys' fees whatever in said cause, nor expenses; that said Beatrice Newport under said agreement is not liable to them for the paying of said fees and that they are entitled under the law and facts of said cause to be paid out of said estate reasonable compensation for their said services rendered in said cause by virtue of the work performed under the contingent fee basis arrangement as entered into."

Counsel for appellee contend that the 1933 Probate Act (Chapter 16103 Laws of Florida), and particularly Sections 51, 94, 124 and 158 thereof, grants or confers discretionary power on the probate courts to order paid the cost items enumerated; that the alleged will was in due form when offered for probate and the executor named (appellee here) was justified in offering the instrument for probate, and as a matter of law she should receive costs and attorneys' fees to be ordered paid out of the estate, although she was unsuccessful in her effort to sustain the order admitting the alleged will to probate; that controlling here is the portion of Section 51 of Chapter 16,103, *supra,* viz:

"An executor, being prima facie justified in offering a will, in due form, for probate, shall generally receive his costs and attorneys' fees out of the estate, even though he be unsuccessful."

Likewise that said petitioning attorneys have rendered a service to the estate within the meaning of the language of Section 158, *supra,* viz:

"Any attorney who has rendered services to an estate, or the personal representative, may apply to the court by petition for an order making an allowance for attorney's fees, and after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper."

Counsel for appellants point out that the alleged will offered for probate is not such a will as is recognized by the several provisions of the Probate Act, *supra,* because: (a) on August 20, 1937, the late Letitia v. Graham was without testamentary capacity; (b) that Beatrice Newport and accomplices forged the instrument and offered it for probate: (c) that

perjured testimony was submitted to establish its authenticity thereby perpetrating a fraud on the courts of Florida. The testimony appearing in the transcript is referred to for the purpose of sustaining these several contentions, along with the opinion and judgment of this Court on the appeal here. That the unlawful activities of Beatrice Newport in attempting to obtain an order to probate are of such a flagrant and serious nature that it will preclude her from not only recovering her costs and expenses incurred, but compensation for attorneys by her engaged to obtain the order of probate. That other jurisdictions construing similar statutes have generally held that the essentials of good faith must clearly appear before the costs and counsel fees incurred in an unsuccessful effort to obtain an order of probate can be charged against an estate.

Counsel for Beatrice Newport in reply point out that the elements of good faith as required by judicial construction of similar statutes by other courts have been clearly established, and emphasized the order of the Honorable Alto Adams, Judge *pro haec vice,* in effect holding that the record failed to disclose fraud, forgery, or perjury on the part of Beatrice Newport, or the lack of testamentary capacity on the part of the late Mrs. Graham. It is suggested that it was the lawful duty of counsel to sustain if possible on appeal to this Court the order admitting to probate the alleged will. That the opinion and judgment of this Court on the aforesaid appeal was not unanimous in holding the will invalid *ab initio,* because an able and exhaustive dissenting opinion was filed by the Honorable Rivers Buford, a member of this Court, in which he concluded that the will was genuine and

should be probated as the last will and testament of Letitia V. Graham. A yard stick of measurement to be applied by the County Judge's Court of Hillsborough County is sought by counsel so that vexations and costly litigation can be concluded and the estate administered.

If an executor, named as such in the Will, has within his control or possession a last will and testament, which is apparently legal on its face, he is thereby *prima facie* justified in offering it to a court of competent jurisdiction in Florida for probate, and, regardless of whether or not the alleged will is probated, generally, such executor shall be paid his necessary and reasonable costs and attorneys' fees incidental to the probation or attempted probation thereof, to be paid out of the estate under an order of the court. The success or failure of the effort is inconsequential. See Section 51, 1933 Probate Act, *supra*. Manifestly, it was the intention of the Legislature to clothe probate courts having jurisdiction of the probation of wills with discretionary powers to award or disallow costs and attorneys' fees in such matters. Such discretionary orders may on appeal be affirmed or reversed, according to the facts of each controversy. While the rule of good faith is not emphasized by the terms of the Act, nevertheless courts of other jurisdictions have, generally, read into similar Acts this salutary rule. The rule of good faith on the part of executors in their effort to probate wills is recognized by a majority of the States and other high authorities. See Schouler on Wills, Executors and Administrators, Vol. 2 (6th Ed.) pages 927-8, par. 822-3; Woerner on The American Law of Administration, Vol. 3 (3rd Ed.) pages 1776-1789.

par. 515-518; 21 Am. Juris. 690-1, par. 549; 24 C.J. 97-98, par. 530.

An executor, by judicial interpretation of the Probate Act, *supra,* when offering courts of competent jurisdiction a will to probate, is by the terms of the Act charged with the exercise of good faith. If when offered the executor knew, or by the exercise of good faith could have known, that the will so offered to probate was a forgery, or that the testatrix thereof at the time of the execution was lacking in testamentary capacity, or an attempt to establish the authenticity of the will is made by perjured testimony, or for other unlawful acts amounting to fraud, then under said conditions and circumstances it becomes the duty of the court in the exercise of sound discretion granted by the several provisions of the Probate Act, by an appropriate order to disallow the executor's costs incurred in an unlawful attempt to obtain an order to probate the alleged will. Probate courts, or Judges sitting as a Probate Court, by the terms of the Act are clothed with a sound judicial discretion in allowing or disallowing costs and can or may be reversed on appeal only for an abuse thereof.

It might well be said here that appellants' counsel frankly admit that the attorneys representing Mrs. Newport in this will contest acted in good faith, but denied that Mrs. Newport acted in good faith. If on aplication to the County Judge's Court of Hillsborough County for the payment of attorneys' fees, their costs and expenses in good faith paid by them in representing the executrix named in the will offered for probate, reasonable in amount and for lawful purposes, it is made to appear that the attorneys so employed relied

upon the statement of the executrix as to the authenticity of the alleged will and thereupon accepted employment on a contingent basis to obtain an order admitting to probate the alleged will, which at the time was in approved legal form, and counsel, when accepting employment, were without knowledge that the exhibited will was obtained by fraud or that the testatrix thereof was lacking in testamentary capacity when the alleged will was by her executed, or that perjured testimony would at a subsequent date be offered to the courts by the executrix in an effort to obtain an order admitting it to probate, and no act, word or deed on the part of the alleged executrix was had or made prior to their accepting employment that could have apprised counsel or placed them when employed on notice of the alleged fraud, deceit, conspiracy and other unlawful activities of the executrix, if any, then under such conditions and circumstances the alleged unlawful acts and deeds of the executrix could not by operation of law be visited on counsel so retained and rendering services pursuant to the employment and thereby defeat the payment out of the estate of reasonable compensation for their professional services, and lawful expenses in good faith expended as contemplated by those provisions of Sections 51 and 158 of the Probate Act hereinabove quoted, when shown to be reasonable in amount and necessary. The County Judge who had never exercised the jurisdiction conferred on him by said Act with regard to this matter when our former opinion and judgment were entered, may, upon application being duly made to him, and if the aforesaid conditions and circumstances are clearly established by competent testimony, in the exercise of his discretion,

when acting under the several provisions of the Probate Act, make and enter an order directing payment out of the estate, in whole or in part, of the said items of expenses and attorneys' fees.

As to the matter of benefit to the estate, this propounded will was apparently valid on its face and was offered for probate. Can it be said that it was not of some benefit to the estate to have both the proponent and the heirs of Mrs. Graham represented by able and industrious attorneys acting in good faith and earnestly representing their respective sides of the controversy in their capacity of attorneys for their respective clients and also as honorable officers of the court, to the end that the question of the validity of the purported will be thoroughly tried out and determined? We did not intend, by our former opinion and order, nor do we intend here, to foreclose or prevent the exercise or the jurisdiction and the discretion to decide questions of this sort which is vested in the Probate Court by the Probate Act of 1933.

The several terms and provisions of our former order in this cause dated March 31, 1942, in derogation of or conflict herewith, are altered, amended, modified and reversed so as to conform to the views hereinabove expressed.

It is so ordered.

BROWN, C. J., and BUFORD, J., concur.

TERRELL and THOMAS, JJ., dissent.

WHITFIELD and ADAMS, JJ., disqualified.

THOMAS, J., dissenting:

I am unable to agree with the opinion written by Mr. Justice CHAPMAN in which Mr. Chief Justice BROWN and Mr. Justice BUFORD have concurred.

At the outset I may say that I take no exception whatever to the reference there to the good faith of Mr. Harry H. Wells and the late Mr. W. B. Dickenson, who represented the appellee in the main litigation, or Mr. B. K. Roberts who assisted in the presentation of the petition for clarification which we have under consideration. Nothing appears in the record challenging their conduct and, on the contrary, counsel appearing for appellants have announced to the court their conviction that these gentlemen acted with propriety.

The behavior of appellee is a different story.

For the purpose of expressing my views it is necessary to refer to but part of the record, namely, the opinion in the principal case, Watts, et al., v. Newport, 6 So. (2nd) 829, the original application for costs and fees, the order thereon and the present petition for clarification.

This Court reviewed the entire record in the appeal and decided that the circuit judge erred in reversing the ruling of the probate court holding a will of Letitia V. Graham, deceased, naming appellee principal beneficiary, void for the reason, among others, that the instrument was "the creature of fraud and imposition." Thus was established the *mis*conduct of appellee in connection with the execution of the spurious will.

After our opinion was rendered there was presented here the application of Beatrice Newport, appellee, *and* her attorneys for costs, amounting to $3915.26, expenditures and attorneys' fees for conducting the litigation. Our attention was directed to Section 51 of The Probate Act and the conclusion was that ". . . this Court award to the petitioner, Beatrice Newport,

her reasonable costs expended by her, and reasonable compensation for her services . . . and also reasonable attorneys fees for the use and benefit of her attorneys employed in this matter in this Court . . . the intermediate appellate court and also in the County Judge's Court . . . and . . . either fix the amount of costs, compensation and attorneys fees to to be allowed in each Court, or enter an order directing the County Judge . . . to determine the amount of and to allow the reasonable costs, compensation and attorneys' fees incurred in that Court, and further directing the Circuit Court . . . to determine and allow the amount of costs expended by the petitioner . . . in the proceedings in that Court, and reasonable compensation to her, and also to fix, determine and allow to her for the use and benefit of her attorneys of record reasonable attorneys' fees for their services rendered in that Court." (Italics supplied).

Upon that application an order, per curiam, was entered stating that to succeed under Sections 51, 94, 124 and 158 of The Probate Act it would have to appear that "the executor of the estate or proponent of the will acted in good faith, that his conduct was free from fraud and if attorneys fees were undertaken on a contingent basis . . . that the contingency materialized." The order concluded with the paragraph "The application is accordingly denied without prejudice to apply to the Probate judge, and if appellee can show that appellee acted in good faith, that the litigation has benefitted the estate, and that as to attorneys' fees if undertaken on a contingent basis and the contingency has materialized, then he may award such costs and attorneys' fees as to him may seem just and proper."

The language we have quoted is objectionable to petitioners and deletion of the conditions embodied in it is asked in the petition to clarify.

The petition contains the statement "That said attorneys accepted employment on a contingent fee basis insofar as the payment of attorneys' fees by the said petitioner, Beatrice Newport, was concerned personally . . ."

Inasmuch as the petition for allowance of costs and fees was submitted to us we thought, and I think, that it was entirely proper to exercise the prerogative of announcing the rules by which the merits of the demand should be determined. Having the view expressed in the order would it not be more practical, more sensible and fairer to all parties to express it, than to send the case back without comment and then reverse it if the ruling did not comport with that view?

To my mind a contingent fee is one dependent upon the outcome of the suit and is recoverable in the event of success. In the instant case Beatrice Newport failed and the fee did not, therefore, materialize for the simple reason that the contingency did not occur.

I turn now to Section 51 of The Probate Act which, it is said, precluded the expressions already given on the allowableness of the claim. Discretion is given the county judge to award costs "abiding the result of each particular proceeding, but otherwise when it would be unjust that the failing party pay costs." The discretion cannot be arbitrary but is one that must be sound.

It is obvious that appellee owes no fees to counsel because of the failure of the contingency. The costs incurred were in the adjudication of a will declared

fraudulent. Would it then be just to pay from the estate, to the consequent detriment of those interested in it, moneys expended by appellee or others in her behalf when the will offered by her for probate was bogus from its inception and her bad faith in connection with its execution was established? I think it would not and that in the state of a record which showed exhaustive search of the facts by one court and two reviews we should so announce, as we did.

The other clause of Section 51, supra, pertinent to this discussion, is that "An executor being prima facie justified in offering a will, in due form, for probate, shall generally receive his costs and attorney's fees out of the estate, even though he be unsuccessful." The words qualifying the rule are "prima facie" and "generally." If the instant case is not one justifying those qualifications it is difficult to conceive one. It is true that appellee was an executrix named in the will but it is also the fact that under it she was to receive practically all of a large estate and, to reiterate, this source of authority, as executrix, and riches, as beneficiary, was fraudulent from its beginning. This then, was not one of the cases where generally costs will be allowed.

I am fully conscious of the amount of time, energy and ability expended by counsel for appellee in the course of this lengthy litigation. I am aware, too, of the disappointment of those who have worked diligently meanwhile expecting sizeable reward for their services in a matter where so much was at stake but I feel that it is only fair frankly to appraise the value of the claim for costs and fees where the contract was one for a contingent fee and the instrument under

which the client claimed was determined void because of fraud. I am convinced that candor will prevent any further unnecessary expenditure of time or money.

My conviction is that if no fee was due counsel by their client because the contingency did not occur, none is due them from the estate. Their claim, in the circumstances, could rise no higher than hers. I think the case is not one where the executrix should be reimbursed.

Of course, I have based these views on the record which I have re-examined. In the per curiam order opportunity was given to attempt to establish the good faith of appellee, the benefit of the litigation to the estate, the accrual of the right to a fee because of the happening of the contingency. It may be impossible to show any or all of these conditions but for the reasons given the matter should be determined once and for all with as little added expense as possible.

I am convinced that the per curiam order should stand without revision.

TERRELL, J., concurs.