61 So.2d 170 (1952)
JOHNSON et al.
v.
BURLESON.
Supreme Court of Florida, Special Division B.
June 13, 1952.
As Modified on Denial of Rehearing August 5, 1952.
Further Rehearing Denied November 4, 1952.
Greene & Ayres and D. Niel Ferguson, Ocala, for appellants.
Wallace E. Sturgis, Ocala, for appellee.
MATHEWS, Justice.
The appellee here filed a petition in the probate court for an accounting and distribution and for a reasonable allowance as attorneys fees for services rendered to the estate of E.L. Wartmann, deceased, in requiring a surviving executor to carry out the intention and purposes of the testator as expressed in his last will and testament. Among other provisions which showed a clear and unmistakable intent that the testator was very solicitous about the welfare of his wife, the will contained the following:
"I hereby give, devise and bequeath all my property, both real and personal, of whatsoever kind and wherever situate to the executors of this will In Trust wholly and exclusively, however, for the purposes and upon the conditions set forth in this will.

*171 "(a) My executors shall hold in trust my entire estate and pay the income thereof to my beloved wife, Ada Burleson Wartmann, so long as she shall live, such income so paid to belong exclusively to my said wife without let, hindrance or demand on the part of any persons whomsoever."
Ada B. Wartmann died on February 2, 1938, and the appellee here is the executrix of the Last Will and Testament of Ada B. Wartmann. After a long period of time and after many demands had been made upon the appellant, Wilton E. Johnson, as surviving executor, for an accounting and for distribution of the income from the estate of E.L. Wartmann, deceased, which had accrued at the time of the death of Ada B. Wartmann, and after many promises and without results, the petition for an accounting and distribution was filed.
Voluminous testimony was taken, many reports and accounts were received by the Probate Judge, constituting approximately 331 pages. The theory and contention of the surviving executor of the E.L. Wartmann estate as to the proper method of the accounting was materially different from that asserted by the executrix of the Last Will and Testament of Ada B. Wartmann, and if the theory and contentions of the surviving executor of the E.L. Wartmann estate could have prevailed, the intention of the testator, E.L. Wartmann, would have been defeated in withholding from Ada B. Wartmann's estate the income which had accrued in the E.L. Wartmann estate up to the time of the death of Ada B. Wartmann.
As a result of the testimony, reports, and accounts, the County Judge made an award to the appellee but failed to include (a) an item which had accrued to the estate of E.L. Wartmann as of the death of Ada B. Wartmann consisting of one-half of the net sum derived from the sale of fruit which has been fully produced by the partnership of Crosby-Wartmann, but had not been picked at the time of Mrs. Wartmann's death. This partnership constituting a major portion of the E.L. Wartmann Estate, and (b) refused to allow a credit to the extent of one-half of the inventory value of oil and coke on hand in the Crosby-Wartmann partnership as of the date of Mrs. Wartmann's death, and (c) refused to allow a credit to the extent of one-half of a sum arbitrarily charged off by the Crosby-Wartmann partnership for depreciation on farming tools and equipment and (d) refused to allow interest on the amount wrongfully withheld by the E.L. Wartmann Estate from the Ada B. Wartmann Estate, and (e) refused to grant the petition of appellee for allowance out of the E.L. Wartmann Estate of reasonable attorney's fees for services rendered by appellee's attorney to the E.L. Wartmann Estate.
The appellants appealed from the order of the County Judge to the Circuit Court alleging various errors and particularly in methods of accounting and allowing interest. The appellee filed a cross-appeal and cross-assignments alleging error of the County Judge in respect to the above-mentioned items which were not included in his award, including his refusal to allow attorney's fees for the services of appellee's attorney, to be paid out of the E.L. Wartmann Estate.
In due course, the Circuit Judge made an order in which he affirmed the County Judge to the extent of the amounts actually allowed to appellee by the County Judge, but reversed the County Judge's refusal to allow a credit to the extent of one-half of the net proceeds from the sale of fully produced fruit which remained on the trees of Crosby-Wartmann at the time of Mrs. Wartmann's death, the refusal of the County Judge to allow interest on the amount due the Ada B. Wartmann Estate and wrongfully withheld, and the refusal of the County Judge to award a sum of money to be paid out of the E.L. Wartmann Estate for the services of appellee's attorney in this proceedings. The Circuit Judge sustained the refusal of the County Judge to allow the depreciation item on farming tools and equipment, and his refusal to allow the item based on the inventory of oil and coke. The cause was remanded to the County Judge's Court for appropriate proceedings in accordance with his order.
Petitions for rehearing were heard, after which the Court made the following order:

*172 "This matter is heard on petition for rehearing and after argument of counsel and due consideration, same is denied.
"This Court has considered very carefully the case of In re Grahams estate, 156 Fla. 421, 23 So.2d 485.
"Whatever may or may not be said in that case the inescapable fact remains that the Court held that the attorney for one offering a spurious will was entitled to be paid out of the estate. I think that under any deduction from the actual facts of that case that the attorney here is entitled to a fee."
On the 22nd day of June, 1951, the mandate of the Circuit Court was filed and recorded, and in part is as follows:
"Whereas, On March 13, 1951, the said cause came to be heard before the said Circuit Court on the said record and was argued by counsel, in consideration whereof on May 29, 1951, it was considered by said Circuit Court that in addition to what was allowed to said Petitioner (the hereinabove named Appellee) by the said County Judge's Court pursuant to its said order rendered October 10, 1950, the said Appellee should also have and recover of and from the Respondent Executor of the estate of E.L. Wartmann, deceased (a party appellant herein), out of the funds of the estate of said E.L. Wartmann, deceased, the following:
"1. One-half (1/2) of the sum of Four Thousand One Hundred Twenty-two and 88/100 ($4,122.88) Dollars derived from the sale of the Crosby-Wartmann partnership fruit which had been fully produced by funds of said partnership but was not picked at the time of the death of Mrs. Ada B. Wartmann; and
"2. Simple interest at the rate of three percent (3%) per annum on the total amount due by the E.L. Wartmann Estate to the Ada B. Wartmann Estate pursuant to said order of October 10, 1950, as supplemented by the foregoing Item `1' of this mandate, for the period from the date of the death of Mrs. Ada B. Wartmann to October 10, 1950; and
"3. Such reasonable sum as the said County Judge's Court may determine and fix to be paid out of the Estate of E.L. Wartmann, deceased, for services of Appellee's attorney and Appellee's court costs in this proceeding.
"And in all other respects the said order of the said County Judge's Court was affirmed, Therefore:
"You Are Hereby Commanded, That such further proceedings be had in said cause as according to right, justice, the judgment of said Circuit Court and the laws of the State of Florida ought to be had, the said order of the said County Judge's Court notwithstanding."
This appeal and cross-appeal is prosecuted from the final order and mandate of the Circuit Judge.
The method of accounting for business convenience and income tax purposes have little, if anything, to do with the intention of the testator. The important question in this case is to carry out the intention of the testator and that was for the executors, or the surviving executor, to pay all of the income from his entire estate to his wife "so long as she shall live". The County Judge in the exercise of his discretion attempted to carry out that purpose and intent of the testator and his findings and conclusions should not be disturbed in the absence of a clear mistake, or an erroneous application of some rule of evidence or of law. The Circuit Judge affirmed the County Judge in all respects except as to the three items above mentioned, to-wit, (1) one-half of the net proceeds from the fruit on the trees which had been produced, (2) the refusal to allow interest, as to which the Circuit Court allowed three per cent interest, and (3) the refusal to allow reasonable attorney's fees.
With reference to the one-half of the net proceeds from the fruit on the trees, it is clear that the County Judge made some mistake or applied the wrong *173 rule of evidence or law and the Circuit Judge was correct in including this item to be paid to the appellee. It is also clear that the County Judge made some mistake or applied the wrong rule of evidence or law as to depreciation for farming tools and equipment and the inventory of oil and coke. The estate of Ada B. Wartmann, deceased, should have been credited with one-half of the value of the farming tools and equipment without the arbitrary fixing by an accountant of depreciation, and one-half the value of the inventory of oil and coke on hand at the time of the death of Mrs. Wartmann.
With reference to reasonable attorneys' fees, the County Judge denied the application for an allowance and the Circuit Judge disagreed with his conclusion and order on this subject.
The appellants assigned this part of the order of the Circuit Judge as error and urge some prior adjudications of this Court as authority for a reversal of the order of the Circuit Judge on this question. See the case of Lewis v. Gaillard, 70 Fla. 172, 69 So. 797, 798. This case was decided in 1915 and was long before the enactment of the Florida Probate Law. In that case attorneys' fees were disallowed because there was no equitable right of the Gaillards to assert a claim for attorneys' fees to be paid from a trust fund for "conducting a litigation instituted by them in which they sought to recover for themselves the entire trust estate * * * in which litigation they wholly failed in their efforts". The Court further held that the interest of the Gaillards in the litigation, instituted by them, was "adverse to the provisions of the testator's will". We have no such facts existing in this case nor the following statute on the subject at that time.
Section 734.01, F.S.A., contains the following:
"Any attorney who has rendered services to an estate or the personal representative may apply to the court by petition for an order making an allowance for attorney's fees, and, after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper."
This section is divided into two subdivisions (1) "any attorney who has rendered services to an estate", and (2) "or the personal representative".
As appears from this record the attorneys for the appellee did not represent "the personal representative", but did "render services to an estate", the L.E. Wartmann estate.
The only purpose of probating a will and for the existence of an executor is to carry out the purpose and intent of the testator as expressed in his last will. When it appears that the executor by the adoption of methods of accounting or reporting or otherwise is about to defeat the purpose and intention of the testator, the services of an attorney may be very necessary to aid the County Judge in arriving at the correct conclusion and issue proper orders requiring the executor to carry out the purpose and intention of the testator.
In this case there was no question about the validity of the will. It had been probated many years before.
The case of Watts v. Newport, 151 Fla. 209, 9 So.2d 417, 419, is relied upon by the appellants. In that case it appeared that an alleged will was in due form when offered for probate and the appellee was named as executrix. The Court said:
"* * * controlling here is the portion of Section 51 of Chapter 16103, supra, viz.: `An executor, being prima facie justified in offering a will, in due form, for probate, shall generally receive his costs and attorney's fees out of the estate, even though he be unsuccessful.'
"Likewise that said petitioning attorneys have rendered a service to the estate within the meaning of the language of Section 158, supra, viz.: `Any attorney who has rendered services to an estate, or the personal representative, may apply to the court by petition for an order making an allowance for attorney's fees, and after notice to persons adversely affected, the *174 court shall make such order with respect thereto as shall be proper.'
* * * * * *
"As to the matter of benefit to the estate, this propounded will was apparently valid on its face and was offered for probate. Can it be said that it was not of some benefit to the estate to have both the proponent and the heirs of Mrs. Graham represented by able and industrious attorneys acting in good faith and earnestly representing their respective sides of the controversy in their capacity of attorneys for their respective clients and also as honorable officers of the court, to the end that the question of the validity of the purported will be thoroughly tried out and determined?"
The appellants also rely on the case of In re Graham's Estate, 156 Fla. 421, 23 So.2d 485, 488, in which the Court said:
"The last paragraph of this section also seems to be declaratory of a general rule of law applied in probate matters which charges one offering for probate a will in which he is named executor with the exercise of good faith and generally allows him costs and attorneys fees even though unsuccessful. 21 American Jurisprudence, Sec. 549, p. 690; 33 C.J.S., Executors and Administrators, § 223, p. 1209.
"To the writer the clear meaning of the words of the last paragraph of Section 51 of the Probate Act, section 732.14, F.S.A., is that if an executor is prima facie justified in offering a will in due form for probate, that is, if he, the executor, is acting in good faith, he, the executor, shall generally be entitled to be paid his costs and fees for his attorneys out of the estate even though unsuccessful, but shall not be entitled to be paid if he is not acting in good faith. Watts v. Newport (In re Graham's Estate), 150 Fla. 288, 7 So.2d 104; and Id., 151 Fla. 209, 9 So.2d 417."
This case is entirely different from those cases where an attempt is being made to probate a will or to prevent the probation of a will.
The last paragraph of Section 732.14, F.S.A., covers the question of attorneys fees to be paid an executor in offering a will for probate, and Section 734.01, F.S.A., controls where an attorney has "rendered services to an estate".
In this case the will of Mr. Wartmann had been probated and its legality established. His intention that his wife should receive all of the income from his estate accruing during her lifetime is clear and unambiguous. Upon the death of his wife her legal representative was entitled to receive all of the income which had accrued up to the time of her death and which she had not received during her lifetime. There was a material dispute between the surviving executor of Mr. Wartmann's will and the executrix of Mrs. Wartmann's will. This dispute arose from different theories, contentions and practices in accounting, bookkeeping and making reports. Had the theories of the surviving executor of Mr. Wartmann's will prevailed, the intention of Mr. Wartmann, as expressed in his will, would have been defeated. In order to carry out the purpose and intention expressed in the will of Mr. Wartmann, the services of an attorney were necessary, to aid the County Judge in arriving at the correct conclusions and issuing proper orders to carry out this intention. These services were of value to the estate, and the Circuit Judge correctly remanded the case to the County Judge on this question for the purpose of finding, fixing and ordering a reasonable attorney's fee for the services rendered to the estate of E.L. Wartmann.
We have considered all of the other assignments and cross-assignments of error and do not find any reversible error.
Affirmed in part and reversed in part with directions for further proceedings in accordance with this opinion.
SEBRING, C.J., and CHAPMAN, J., and GILLIS, Associate Justice, concur.

Petition for Rehearing.
PER CURIAM.
Upon a reconsideration of this case in the light of the petitions for rehearing filed by *175 all parties, we have determined for the sake of clarity to modify our original opinion, which has been done. See Stenor, Inc. v. Lester, Fla., 58 So.2d 673.
The petitions for rehearing are denied.