# In re BROWN'S WILL.
No. 4892.

County Judge's Court, Sarasota County.
July 28, 1960.

John Fite Robertson, Robertson & Robertson, Sarasota, for the estate of Mary Horniman Brown.

George A. Dietz, Williams, Parker, Harrison & Dietz, Sarasota, for the estate of Eva M. Dame.

Francis C. Millican, Sarasota, attorney and guardian ad litem for minor beneficiaries under last will of Mary Horniman Brown.

RUSSELL D. THOMAS, County Judge.

This matter came on to be heard before this court upon the petition of Helen J. Dyson, executrix in the above styled estate, for the construction of paragraph sixth of the last will and testament of Mary Horniman Brown, which creates a trust for the benefit of Eva M. Dame who was to receive the income therefrom during her lifetime. Due notice of this hearing was given to all interested parties and present before the court were John Fite Robertson, attorney for the estate of Mary Horniman Brown, George A. Dietz, attorney for the estate of Eva M. Dame, and Francis C. Millican, attorney and guardian ad litem for the minor beneficiaries under the last will and testament of Mary Horniman Brown. Having been advised of the material facts involved herein and having heard argument of counsel and being otherwise fully advised in the premises, the court has reached the following conclusions as to the facts and the law applicable thereto —

That Mary Horniman Brown died testate on December 18, 1958, leaving a last will and testament, which was duly admitted to probate in this court on December 30, 1958.

That the only specific bequests made by Mary Horniman Brown are those set forth in paragraphs second and third of her will; that to this date no letter, referred to in paragraph second, directing disposition of jewelry, has been discovered by the executrix, and the court is of the opinion that such letter was never written or that it was subsequently destroyed; that the clothing of the testatrix, left to a charitable organization under the provisions of paragraph third of the will, is too insignificant in value to be considered in the determination of the issues involved herein, and certainly no income could be attributed thereto. (Section 731.22, Florida Statutes).

That the rest, residue and remainder of the estate of Mary Horniman Brown was left in trust with the Palmer First National Bank and Trust Company as trustee, such bequest to be divided equally into two trusts, designated as trust "A" and trust "B"; that we are here concerned with trust "B", which provides as follows — "My said trustee is directed to pay the income from trust "B" at least quarterly-annually to my sister, Eva M. Dame, of Sarasota, Florida, for and during her natural lifetime".

That Eva M. Dame died testate on August 22, 1959; that her last will and testament was subsequently admitted to probate in this court; that the Citizens Bank and Trust Company is the duly qualified and acting executor of the estate of Eva M. Dame.

That the total sum of $785.84 has been received by or accrued to this estate during the period of time from the death of Mary Horniman Brown to the death of the life beneficiary under the trust, Eva M. Dame.

That a testamentary trust is deemed to come into existence immediately upon the death of the testator unless a contrary intent be apparent (Section 731.21, Florida Statutes; 96 C.J.S., Wills, Section 1023(f); Vol. 3, Page on Wills, Section 1176; Paragraph 434.6 of Wills, Estates and Trusts, published by Prentice-Hall); that it clearly appears that it was the intent of the testatrix, Mary Horniman Brown, that such trust should come into existence at her death, and her sister, Eva M. Dame, should be entitled to the income from such trust commencing at the testatrix's death and accruing during the lifetime of Eva M. Dame; that upon the death of Eva M. Dame her legal representative was entitled to receive all of the income from said trust which had accrued up to the time of her death and which she had not received during her lifetime. See Johnson v. Burlson (Fla. 1952), 61 So. 2d 170.

That the court has considered the provisions of section 733.01, Florida Statutes, and is of the opinion that sub-paragraph (1) thereof, which provides that income received during the course of administration of an estate may be used for the payment of debts, legacies, and so forth, should be construed to mean that such income would be so applied only in the event the assets of the estate were insufficient to accomplish these ends; that is to say, debts of the estate, costs of administration, bequests, and so forth, may be paid from the income received during the course of administration of the estate only where necessary because of insufficiency of assets; where the assets are sufficient it is clearly apparent that debts of the estate, costs of administration, bequests, and so forth, are to be paid out of such assets and the income distributed as therein provided. In the case at bar, sub-section (3) of section 733.01 is controlling, to-wit — "If any part of the estate is bequeathed or devised to a trustee the proportion of the net income applied to such bequest or devise shall be paid by the executor to such trustee and shall be held and distributed by the trustee as income."

That this court is, therefore, of the opinion that in the absence of controlling language in the will, the life beneficiary of a trust of the residue of the testator's estate is entitled to the income of the clear residue, as afterwards ascertained, computed from the date of the death of the testator. Furthermore, this court adopts

the common law rule which provides that the income earned during the period of administration on the funds used to pay the costs of administration, debts, and legacies is to be added to the corpus of the trust. (96 C.J.S., Wills, Section 1030(3), page 590). Therefore, that portion of the income received by this estate from the death of the testatrix to the death of the beneficiary, Eva M. Dame, as may be considered as having been earned by that portion of the estate assets used to pay the costs of administration and debts of the estate, shall be added to the corpus of the respective trusts; the balance of such income, representing that portion having been earned by the clear residue, shall be divided equally between trust "A" and the estate of Eva M. Dame as the beneficiary of the income from trust "B".

That inasmuch as the trust for the benefit of Eva M. Dame was to terminate upon her death and because said beneficiary has predeceased the actual setting up of the trust, the court is of the opinion that the actual establishing of such trust and the qualifying of a trustee would accomplish no useful purpose, and the income to which the life beneficiary would otherwise have been entitled upon the setting up of the trust should now be paid over to the executor of her estate as herein provided, and the corpus of the proposed trust, together with any income attributable thereto after the death of the life beneficiary, should be distributed by the executrix of the Brown estate in accordance with the directions of the last will and testament, that is, to the named remaindermen free of any trust.

It is, therefore, ordered, adjudged and decreed that the executrix of this estate shall, at the time of the distribution of this estate, pay over to the executor of the estate of Eva M. Dame, such sum as shall represent income received or accrued between December 30, 1958 and August 22, 1959, on that portion of the assets of this estate which would have been paid to the trustee of trust "B" under the provisions of paragraph sixth of the last will and testament of Mary Horniman Brown had the beneficiary survived. Such portion of the income accruing to this estate between the death of the testatrix and the death of said beneficiary as shall be attributed to the assets of the estate used for the payment of debts and costs of administration shall be added equally to the corpus of the two trusts.

It is further ordered, adjudged and decreed that trust "B", referred to in paragraph sixth of the last will and testament of Mary Horniman Brown, need not be set up nor need the trustee be qualified. The executrix of this estate shall first pay over to

the executor of the estate of Eva M. Dame that portion of the income attributable to trust "B" in the manner hereinabove set forth, and the corpus of said proposed trust, together with any income attributable thereto after the death of the life beneficiary, Eva M. Dame, shall be distributed to the named remainder beneficiaries free of any trust.

It is further ordered, adjudged and decreed that this court shall retain jurisdiction of this matter pending final determination of the debts of the estate and costs of administration hereof, and distribution of the income from trust "B" to the Citizens Bank and Trust Company as executor of the estate of Eva M. Dame.