PIERCE, Acting Chief Judge.
This is an appeal from an order of the County Judge in a probate proceeding denying fees and costs to t.he executor and also fees to his attorney.
The sole determination which this Court is called upon to make is whether the County Judge had discretion in the matter of allowance of such fees and costs where the will of decedent is denied probate; and if so, whether such discretion was abused in denying such allowances.
The legality of decedent’s will was here in this Court once before. In re: Estate of MacPhee, Fla.App.1966, 187 So.2d 679. The antecedent history of the estate case is set forth in our former opinion and need not be repeated here. Suffice to say that Mrs. C. Minnie MacPhee executed a will naming William O. Rast executor and also beneficiary of one-half of .her estate. On the same date she deeded Rast her “home- *490 place” property, receiving back certain dubious considerations. She had previously given him power of attorney, and she relied upon him generally for business advice. There had been other sundry business transactions between them. Five days after she executed the will Mrs. MacPhee died.
After Rast had qualified as executor, proceedings were brought to revoke probate of the will on the ground of undue influence over Mrs. MacPhee on the part of Rast. After trial of the issue the County Judge entered Order denying revocation of probate, which order was appealed to this ■Court.
We reversed the County Judge’s Order, holding that the undisputed facts as to the relationship and dealings between decedent and Rast prior to her death created a presumption of undue influence, which presumption had not been overcome by Rast in testimony at the trial. The County Judge was directed by this Court “to enter his Order granting the petition to revoke the will of C. Minnie MacPhee”.
Upon remand, letters testamentary to Rast were revoked by the County Judge, whereupon petition was filed for an order allowing fees to the executor Rast and also fees to his attorneys for representing him in the estate. After hearing, the County Judge held in effect that allowance of such fees depended upon the element of good faith on the part of the executor and his attorneys, and also upon the further factor — “did they bring anything to the estate?” The Judge found that neither Rast nor his attorneys had “acted in bad faith”, but that they had “brought nothing to the estate”. Order was thereupon entered denying the petition. We construe the order as being one wherein the probate Judge exercised a permissible discretion, that he did not abuse it, and therefore affirm.
F.S. § 732.14, F.S.A. provides inter alia:
“(1) In all probate proceedings costs may be awarded in the discretion of the county judge, ordinarily abiding the result of each particular proceeding, but otherwise when it would be unjust that the failing party pay costs.
* * * * * *
“(3) An executor, being prima facie justified in offering a will, in due form, for probate, shall generally receive his costs and attorney’s- fees out of the estate, even though he is unsuccessful.” (Emphasis supplied).
Rule 5.090(c) of the Probate and Guardianship Rules, which were in effect at the time the order appealed herein was entered, provides:
“The proponent of a Will in due form being prima facie justified in offering the same for probate shall receive his costs and attorney’s fees out of the estate, even though he is unsuccessful.”
The Supreme Court in Watts v. Newport, 1942, 151 Fla. 209, 9 So.2d 417, referring to Section 51, 1933 Probate Act, now brought down in the compilations as § 732.14, said:
“Manifestly, it was the intention of the Legislature to clothe probate courts having jurisdiction of the probation of wills with discretionary powers to award or disallow costs and attorneys’ fees in such matters. Such discretionary orders may on appeal be affirmed or reversed, according to the facts of each controversy. While the rule of good faith is not emphasized by the terms of the Act, nevertheless courts of other jurisdictions have, generally, read into similar Acts this salutary rule. * * *
“An executor, * * * when offering * * * a wiH to probate, is * * * charged with the exercise of good faith. If when offered the executor knew, or by the exercise of good faith could have known, that * * * the testatrix thereof at the time of the execution was lacking in testamentary capacity, * * * or for other unlawful acts amounting to *491 fraud, then under said conditions and circumstances it becames (sic) the duty of the court in the exercise of sound discretion * * * to disallow the executor’s costs incurred in an unlawful attempt to obtain an order to probate the alleged will. Probate court * * * are clothed with a sound judicial discretion in allowing or disallowing costs and can or may be reversed on appeal only for an abuse thereof.”
The Watts v. Newport case (In re Graham’s Estate) was before the Supreme Court four times, reported in 149 Fla. 181, 6 So.2d 829 (1941); 150 Fla. 288, 7 So.2d 104 (1942); 151 Fla. 209, 9 So.2d 417 (1942), and 23 So.2d 485 (1945).
The opinion in 7 So.2d 104, says that the Probate Act—
“ * * * authorizes the Probate Judge in his sound discretion to award reasonable and necessary costs and attorneys’ fees from the proceeds of the estate to an unsuccessful executor or proponent of the will or in adjusting and settling the affairs of the estate. It must appear however that the executor of the estate or proponent of the will acted in good faith, that his conduct was free from fraud and if the attorneys’ fees were undertaken on the contingent basis, it must be shown that the contingency materialized.”
And the opinion in 23 So.2d 485, after quoting then § 158 of the Probate Act, now F.S. § 734.01(2), F.S.A.—
“(2) Any attorney who has rendered services to an estate or the personal representative may apply to the court by petition for an order making an allowance for attorney’s fees, and, after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper.”
held that
“This seems to be a declaration of the equitable principle that an attorney who had been employed to obtain or create a fund for the joint benefit of all parties or whose efforts have enhanced the value of or resulted in preserving such a fund may if successful in his efforts have the right to be compensated from the fund for his services. Lewis, as Executor, etc. et al. v. Gaillard, 70 Fla. 172, 69 So. 797. And in order for attorneys to recover under this Section the services rendered must have benefited the estate. Smith et al. v. Callison et al., 152 Fla. 516, 12 So.2d 381.” (Emphasis supplied).
We construe the statutes, the probate rule, and the four Watts v. Newport opinions aforesaid, to repose in the County Judge, after hearing all the facts and circumstances of the case, the authority to determine, in his sound discretion, whether the executor was justified in offering the will for probate, even though unsuccessful, and to grant or withhold fees and costs accordingly; and in exercising such discretion, to observe the following precepts: (1) that the executor or proponent acted in good faith, (2) that his conduct was free from fraud, (3) that the litigation benefited the estate, and (4) if the attorneys’ fees were payable on a contingent basis, such contingency materialized. Tested by these rules, the order of the County Judge here appealed, disallowing the fees, was well within his discretionary orbit.
Our former decision in this case established the legal premise that the decedent’s will was invalid because of the undue influence upon decedent by the executor and proponent, Rast, and that therefore the will must be denied probate. That suc.h determination, then and thereafter, became the “law of the case” is laid to rest by our decision in Howell v. Howell, Fla.App.1968, 207 So.2d 507, wherein we approved the statement in 2 Fla.Jur., § 398, as follows:
“By ‘law of the case’ is meant the principle that the question of law de *492 cided upon an appeal to a court of ultimate resort must govern the case in the same court and the trial court through all subsequent stages of the proceeding. Or, as otherwise stated, whatever is once established between the same parties in the same case continued to be the law of the case, whether correct on general principles or not, so long as the facts on which such decision was predicated continued to be the facts of the case. Generally, therefore, points adjudicated by the appellate Court are no longer open for discussion or consideration.”
In the case sub judice, Rast was both the executor named in the will and the proponent thereof, and it was his alleged undue influence upon the deceased that prompted this Court in the former appeal herein to disallow the will to probate. In this situation it could not be seriously contended that he offered the will in such good faith that the County Judge should be held by this Court to have abused his discretion in denying fees and costs.
In this respect t.his case differs from the cases relied upon here by the executor, which had to do with the allowance of fees where a will had been disallowed probate upon grounds, the basis of which were wholly unconnected with the executor or proponent. Here the executor-proponent Rast was the moving and guiding spirit behind the execution of the will by decedent, and it cannot be contended that he was without knowledge of his own acts and doings or that his motives were altruistic. We would not have written our former opinion if this .had been true.
In this state of the case we cannot, and do not, hold the County Judge to have abused his discretion in denying the allowance of fees.
Affirmed.
HOBSON and MANN, JJ., concur.