PER CURIAM.
This is an appeal from a final order of the County Judge’s Court for Brevard County, Florida, which admitted to probate a will executed by one Lillian B. Whitehead bearing date 14 October 1966. The appellants contested the admission of the will to probate on the ground either that the testatrix lacked testamentary capacity or that the will was a product of undue influence.
On appeal the appellants primarily contend that the evidence required a finding of either lack of testamentary capacity or undue influence and that the trial judge erred in not so ruling. We have reviewed the voluminous briefs and record and, although the evidence was in conflict, we conclude that there was evidence from which the trial court could reasonably have reached a conclusion that the testatrix had testamentary capacity (see In re Estate of Coles, Fla.App.1968, 205 So.2d 554, 555) and that the will was not the product of undue influence, but was motivated by acts of kindness on the part of the major beneficiaries thereunder and a reciprocal feeling of sympathy and concern on the part of the testatrix. A will thus inspired is not subject to the claim of undue influence. (See In re Starr’s Estate, 1935, 125 Fla. 536, 170 So. 620.)
It being our view that there was evidence which could reasonably support the County Judge’s findings of ultimate fact and that he did not misconceive controlling principles of law, we must affirm. In re Estate of Balch, Fla.App.1968, 215 So.2d 343 (cert. den. Fla.1969, 225 So.2d 525); In re Estate of Nelson, Fla.App.1970, 232 So.2d 222, 224.
We have not overlooked the other points raised by the appellants, but do not consider that they have merit or require discussion.
The order on appeal is affirmed.
Affirmed.
REED and OWEN, JJ., concur.
WALDEN, J., dissents, with opinion.