287 So.2d 9 (1973)
In re ESTATE OF Lillian B. WHITEHEAD, Deceased.
No. 43867.
Supreme Court of Florida.
December 5, 1973.
Mike Krasny of Storms, Pappas & Krasny, Melbourne, for petitioner.
Palmer W. Collins of Collins & Clark, Melbourne and L.C. Crofton of Crofton, Holland & Starling, Titusville, for respondents.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Fourth District, reported at 278 So.2d 346 (Fla.App. 1973) which conflicts with In Re Estate of MacPhee, 216 So.2d 489 (Fla.App. 1968). We have jurisdiction pursuant to Article V, Section 3(b) (3), Florida Constitution, 1973 F.S.A.
The cause presently before us involves only the question of whether the trial court erred in entering an order allowing attorney's fees to respondents' attorneys. It appears that decedent, Lillian Whitehead, had executed two wills, one dated August 30, 1960, and the other dated October, 1966. Both wills were offered for probate.
Bessie Baillie was legatee under the will of 1960 and the will of 1966. She employed the law firm of Collins and Clark to contest the will of 1966 on the grounds of undue influence and to propose the will of 1960. L.C. Crofton was the named executor in the will of 1960 and proposed said will for probate simultaneous with contesting the will of 1966. The lower court admitted the will of 1966 to probate and denied probate to the will of 1960. Upon appeal of this decision, the DCA-4 affirmed the trial court's judgment and found there to have been no undue influence upon the decedent in the execution of *10 the 1966 will [248 So.2d 186]. This Court denied certiorari, reported at 252 So.2d 798. The trial court in admitting the will executed by decedent on October 14, 1966, reserved for future determination in separate proceeding by that court's order of June 18, 1970, the awarding of court costs. Subsequent to the above appeals, Bessie Baillie, contestant of the 1966 will and proponent of the 1960 will, and L.C. Crofton, Executor and proponent of the will of 1960, petitioned the lower court for attorneys' fees and costs. In a lengthy order the trial judge awarded attorneys' fees to Baillie and Crofton. Upon appeal, the DCA-4 per curiam affirmed this order of the trial court without opinion.
The trial court found, inter alia, that Baillie and Crofton, as proponents of the 1960 will acted in good faith in proposing same for probate, that their conduct was free from fraud, and that they were justified in proposing said will for probate, that the instant litigation benefited the estate in that the decedent's will was determined and the "law of the case" was established, citing In re Estate of C. Minnie MacPhee, 216 So.2d 489 (Fla.App.), that the attorneys' fees herein ordered paid were payable initially on a contingent basis, but the materialization of the contingency is not a prerequisite to the ordering of payment of attorneys' fees because of the existence of Rule 5.090(c) of the Probate and Guardianship Rules, that each proponent of the will of 1960 is entitled to attorneys' fees for counsel of their choosing.
The District Court by per curiam affirmance affirmed the result of the trial judge and found no abuse of discretion.
Although the decision of the District Court of Appeal sub judice conflicts with In re Estate of MacPhee, supra, wherein the District Court of Appeal, Second District, held that one of the prerequisites essential to consideration of the trial judge in determining within his sound judicial discretion whether attorney's fees should be granted a proponent of a will, to be: "... (4) if the attorney's fees were payable on a contingent basis, such contingency materialized," we agree with the holding of the trial court in the instant cause and the affirmation thereof by the District Court of Appeal, Fourth District.
Rule 5.090, Probate and Guardianship Rules, provides,
"(a) In probate and guardianship proceedings, costs, fees and commissions may be allowed in the discretion of the court, ordinarily abiding the result of each particular proceeding, but otherwise when it would be unjust that the losing party pay costs.
(b) When costs and attorneys' fees are to be paid out of the estate, the court may, in its discretion, direct from what portion of the estate they shall be paid.
(c) The proponent of a will in due form, being prima facie justified in offering the same for probate, shall receive his costs and attorneys' fees out of the estate, even though he is unsuccessful." (e.s.)
Relying mainly on this Court's decision of Watts v. Newport, 150 Fla. 288, 7 So.2d 104 (1942) [one of a series of Watts v. Newport (In re Estate of Graham) cases] which predated Rule 5.090, Probate and Guardianship Rules, and which decision was altered, amended, modified and reversed by the subsequent decision of this Court in Watts v. Newport, 151 Fla. 209, 9 So.2d 417 (Fla. 1942), the Second District Court of Appeal in In re Estate of MacPhee, supra, stated,
"We construe the statutes, the probate rule, and the four Watts v. Newport opinions aforesaid, to repose in the County Judge, after hearing all the facts and circumstances of the case, the authority to determine, in his sound discretion, whether the executor was justified in offering the will for probate, even though unsuccessful, and to grant or withhold fees and costs accordingly; and in exercising such discretion, to observe *11 the following precepts: (1) that the executor or proponent acted in good faith, (2) that his conduct was free from fraud, (3) that the litigation benefited the estate, and (4) if the attorneys' fees were payable on a contingent basis, such contingency materialized. Tested by these rules, the order of the County Judge here appealed, disallowing the fees, was well within his discretionary orbit."
Initially in Watts v. Newport, 150 Fla. 288, 7 So.2d 104, this Court had opined, as follows:
"The Probate Act embodies the settled law of the country on the subject and authorizes the Probate Judge in his sound discretion to award reasonable and necessary costs and attorneys' fees from the proceeds of the estate to an unsuccessful executor or proponent of the will or in adjusting and settling the affairs of the estate. It must appear however that the executor of the estate or proponent of the will acted in good faith, that his conduct was free from fraud and if the attorneys' fees were undertaken on a contingent basis, it must be shown that the contingency materialized."
However, subsequently, in Watts v. Newport, 151 Fla. 209, 9 So.2d 417 (1942), this Court in ruling on a petition for clarification of its former decision reported at 7 So.2d 104 modified, amended, altered and reversed its earlier opinion reported at 7 So.2d 104 and emphasized that probate courts or judges sitting as a probate court are clothed with sound judicial discretion in allowing or disallowing costs and attorneys' fees and can or may be reversed on appeal only for an abuse thereof. The question raised therein was whether reasonable compensation should be awarded attorneys for services rendered in an unsuccessful effort to obtain an order admitting to probate a 1937 will. This Court held that regardless of the fact that the contingency of the contingent fee contract  the probate of the 1937 will  did not materialize, the attorneys for proponents of the will may recover fees in the discretion of probate judge if they acted in good faith and their efforts benefited the estate. See Watts v. Newport, 151 Fla. 209, 9 So.2d 417 at 420-421. This Court then remanded to probate court to consider whether fees should be allowed under the specified guidelines for the determination thereof and the probate court determined that the proponents had not acted in good faith and should therefore not be entitled to fees.
The statutory provision controlling in Watts v. Newport, supra, is very similar to the rule applicable sub judice. Section 51 of Chapter 16103, Laws of Florida, 1933[1], provided:
"An executor, being prima facie justified in offering a will, in due form, for probate, shall generally receive his costs and attorney's fees out of the estate, even though he be unsuccessful."
Rule 5.090 replaces the term "executor" of a will by the term "proponent" of a will and replaces the phrase "shall generally receive" with "shall receive." The principles enunciated in Watts v. Newport, 151 Fla. 209, 9 So.2d 417, are applicable to the instant cause. Therein this Court explicitly stated:
"Manifestly, it was the intention of the Legislature to clothe probate courts having jurisdiction of the probation of wills with discretionary powers to award or disallow costs and attorneys' fees in such matters. Such discretionary orders may on appeal be affirmed or reversed, according to the facts of each controversy. While the rule of good faith is not emphasized by the terms of the Act, nevertheless courts of other jurisdictions have, generally, read into similar Acts this salutary rule. The rule of good faith on *12 the part of executors in their effort to probate wills is recognized by a majority of the States and other high authorities.
* * * * * *
"An executor, * * * when offering * * * a will to probate, is * * * charged with the exercise of good faith. If when offered the executor knew, or by the exercise of good faith could have know, that * * * the testatrix thereof at the time of the execution was lacking in testamentary capacity, * * * or for other unlawful acts amounting to fraud, then under said conditions and circumstances it becames [sic] the duty of the court in the exercise of sound discretion * * * to disallow the executor's costs incurred in an unlawful attempt to obtain an order to probate the alleged will. Probate courts * * * are clothed with a sound judicial discretion in allowing or disallowing costs and can or may be reversed on appeal only for an abuse thereof." (e.s.)
Relative to the requirement that the estate be benefited, this Court in Watts v. Newport, 151 Fla. 209, 9 So.2d 417, involving a contest between two wills, wherein the successful party objected that the unsuccessful proponent had made no benefit to the estate, this Court opined:
"As to the matter of benefit to the estate, this propounded will was apparently valid on its face and was offered for probate. Can it be said that it was not of some benefit to the estate to have both the proponent and the heirs of Mrs. Graham represented by able and industrious attorneys acting in good faith and eanestly [sic] representing their respective sides of the controversy in their capacity of attorneys for their respective clients and also as honorable officers of the court, to the end that the question of the validity of the purported will be thoroughly tried out and determined?" Watts v. Newport, 151 Fla. 209, 9 So.2d 417, at 421.
Since the general rule is to be as economical as possible in administering an estate, there should not be a multitude of spurious wills proffered. Under Rule 5.090, Probate and Guardianship rules, the probate court should be very cautious in determining that special circumstances and situations exist that justify the unsuccessful attempt to probate a will made prior to the last will and testament. However, sub judice, there is evidence that the testatrix for some time prior to the making of the newest and last will was severely addicted to alcohol and drugs with consequent resulting emotional disturbances that required appointment of a trustee to care for her in 1962 and subsequently required her confinement to a mental institution in 1964 due to chronic and acute alcoholism plus barbiturate habituation. Her condition was diagnosed as passive-aggressive personality, depression, paranoid trends and addiction to drugs and alcohol. Against medical advice, she was released in 1965 and letters of discharge were issued in December, 1966. Shortly after her release from the mental institution, she executed the last will which has been admitted to probate.
All of these circumstances were brought to the attention of the attorneys prior to their offering the earlier 1960 will for probate and the trial court in granting proponents of this will attorneys' fees obviously reasoned that the attorneys had good cause and acted in good faith in proposing the 1960 will and objecting to the last will. If the newest will had been rejected for lack of testamentary capacity, the older will (1960 will) was next in line. We agree with the trial court's findings that under the circumstances the proponents of the 1960 will and their attorneys had reason to and did act to the benefit of the estate free from fraud in utmost good faith and had a right to believe that the will being offered by them was the last will of the testatrix during her normal capacity to make a will.
In view of the foregoing, we believe that the probate court and the District Court of *13 Appeal, Fourth District, in the instant cause were correct in concluding that the attorneys for the proponents of the older will were entitled to compensation under Rule 5.090, Probate and Guardianship Rules. There was competent and substantial evidence to support the discretionary finding of the probate judge and the District Court properly affirmed his findings.
Accordingly we approve the decision of the District Court of Appeal and the writ of certiorari heretofore issued is discharged.
It is so ordered.
CARLTON, C.J., and ADKINS and BOYD, JJ., concur.
ERVIN, J., concurs specially.
ERVIN, Justice (Specially concurring):
I agree that the well-reasoned opinion of Justice Roberts follows stare decisis and prevailing regulations, particularly Rule 5.090(c) of the Probate and Guardianship Rules and consequently allowance of counsel fees should be sustained in this case.
The attorneys who represented Mrs. Bessie Baillie and Mr. L.C. Crofton had the right to rely upon these existing rules and precedents and accordingly committed their energies and skills in representing Mrs. Baillie and Mr. Crofton in proposing the 1960 will for probate. They are highly reputable and conscientious counsel. However, had not the existing rules and precedential law countenanced their legal representation of Mrs. Baillie and Mr. Crofton  an overriding equitable consideration  I would not agree that they are entitled to the fees awarded. I do not believe there is right and justice for such attorney fees to be charged against estates where the proponents of proposed wills are unsuccessful. There is growing criticism of the high costs attendant to the probate and administration of estates. I think this Court should amend the probate rules or should have stated in the opinion in this case that prospectively no future fees of this kind will be authorized for payment out of the funds of estates. See Wallace v. Sheldon, 56 Neb. 55, 76 N.W. 418; Handbook of the Law on Wills 559 (2d Ed. 1953); 2 Page, A Treatise on the Law of Wills, Sect. 705, 706 (3rd Ed. 1941).
NOTES
[1] Now brought down as Section 732.14, Florida Statutes F.S.A. Also see Chapter 73-334, Laws of Florida.