## IN RE: ESTATE OF GUTERMA

### Case No. 85-2671 CP

Fifteenth Judicial Circuit, Palm Beach County

January 5, 1987

### APPEARANCES OF COUNSEL

**Richard E. Bosse** for respondent.

**Steven I. Greenwald** for petitioner.

### OPINION OF THE COURT

EDWARD RODGERS, Circuit Judge.

THIS MATTER came before the Court on a Petition for a determination of entitlement of attorney's fees. A Will contest in this matter began on October 18, 1985 in which the Petitioner alleged forgery, lack of testamentary capacity and undue influence and fraud in an adoption affecting the estate. The case was tried for approximately two weeks. This Court ruled in favor of the Respondent and denied the Petitioner's Petition for Revocation of the Will. The actual trial of the case was filled with charges and countercharges of fraud and wrongdoing. The Court did find, however, that pursuant to the guidelines set *In Re: Carpenter*, 253 So.2d 697, a primary case of undue influence was

satisfied to the extent that the case proceeded to require the Respondent to enter the proper explanation to rebut the presumption.

The Court was of the opinion that a number of improper activities had occurred in the past. For example, an adoption of the decedent, Marc Guterma, was carried out in the State of Michigan without the knowledge of his brother, Robert Guterma. While there was no obligation to tell Robert Guterma of the adoption, the Personal Representative, a party to this litigation, carried out other activities with Robert in which there should have been a moral obligation to advise Robert that the two were no longer brothers. As a result of the testimony here, the Court concludes that much of the cloud and suspicion in the estate was created by the Personal Representative. Fair dealing and disclosure by the Personal Representative may have prevented the Petition to Revoke. There was certainly a real and viable question as to whether or not fraud and undue influence had been involved in the Michigan adoption and in the making of the Will. The Court is convinced, while it turns out that the Court could find insufficient legal fault to deny the presentation or probation of the Will, there were definitely other breaches. The fact showed that the secret adoption carried out by the Personal Representative and the grandfather of the decedent invited the lawsuit for revocation. The clandestine efforts of the Personal Representative and the grandfather were certainly below any standard of fair play to be anticipated from family members. The Court, however, reluctantly found that no relief could be given to the Petitioners under the Petition for Revocation even though the Court was in complete sympathy with the petitioners.

The Court is reminded of its equity posture and it immediately comes to the Court mind's that the many axioms of equity, to wit:

"One who seeks equity must do equity; One must come to equity with clean hands."

The Court finds that the Personal Representative and the grandfather, Sam Katzman, totally lacked these requirements. The Personal Representative was personally the central character involved in the lack of testamentary capacity charge, the forgery charge, and the undue influence. He was the ever present element.

Although the Petition for Revocation was denied, the Petitioner still seeks attorney's fees.

Florida Statute 733.206, says in subsection 3:

"Any attorney who has rendered services to an estate may apply an order awarding attorney's fees, after the informal notice to the

**123**

personal representative and all persons bearing the impact of payment, the court shall enter its order on the petition. (4) When cost and attorney's fees are to be paid out of the estate, the Court may, in its discretion, direct from what part of the estate they shall be paid."

This statute obviously sets the stage for the attorney for either a petitioner or respondent in a probate case to be paid for services rendered.

The Respondent urges upon the Court that the guidelines set for the award of attorney's fees are basically:

(1) Attorney's services that are successful and effectuate testamentary intent.

(2) Attorney's fees that bring about enhancement in value or increase the assets of the decedent's estate, and

(3) Attorney's services that effect the distribution of assets under the Will. The cases appear to go almost in any direction as to when attorney's fees are to be awarded. Attorney's fees may be awarded regardless of success, *Watts v. Newport*, 9 So.2d 417, or attorney's fees may be awarded for a beneficiary who is successful in establishing a Will, *In Re: Estate of Griffis*, 366 So.2d 80, and attorney's fees may be given to an attorney who renders legal services which were not restricted so as to bring about an enhancement in value or an increase in assets of the estate, but include services which are successful and simply effectuating testamentary intent.

The Court gave a great deal of in depth thought to this petition for fees. This Court's sympathy for the Petitioner's request for fees is not supported by the law.

There is no statute which authorizes the fee, there is no contractual obligation for a fee and finally search as I may, I cannot find an articulable base for a fee in equity. It is thereupon,

ORDERED that the Petition for attorney's fees by the Petitioner is denied.

ORDERED in Chambers, this 5th day of January, 1987, at West Palm Beach, Palm Beach County, Florida.