CHAUNCEY ROSE, executor &c. *v.* THE ROSE BENEFICENT ASSOCIATION and others.

Whatever may have been the practice of the English court of chancery, as to allowing " trustees' costs" to parties to actions for the construction of wills, or relating to charities, other than trustees or others suing or defending in *autre droit*, it was not the rule in the state of New York; such parties being allowed their taxable costs, and no more.

The code certainly has not enlarged the rules relating to costs, in such cases, if it has not restricted them.

Accordingly, where, in an action brought by an executor, for a construction of the will of his testator, the judgment rendered gave to the defendants their costs, to be paid by the executor out of the estate; *Held* that the defendants were entitled to no more costs than had been allowed them; and a motion for an extra allowance to them out of the fund in the hands of the executors, to indemnify them for costs, counsel fees and disbursements not covered by the allowance of costs in the cause, was denied.

THIS action was commenced in the Supreme Court by the surviving executor to obtain a construction of the will of his testator, John Rose.

By the will, a large share of the testator's property was devised for the purpose of establishing and endowing an associaton for the care and education of certain children designated therein. Another portion of his property was given to the American Colonization Society, and it was to deter-

mine the validity or invalidity of these bequests that the action was commenced.

These bequests were held invalid, by both the special and general terms, and the judgment of the general term was affirmed in this court.

The appeals to the general term from the special term, and the appeal to this court, were not prosecuted by the executor, but by the counsel for the association and colonization society.

The counsel for these appellants now move that an extra allowance out of the fund in the hands of the executor be made to them, to indemnify them for costs, counsel fees and disbursements not paid by the allowance of costs in the cause. The judgment in this court and the judgments in the courts below gave the defendants their costs, to be paid by the executor out of the estate.

The counsel for the next of kin resists the motion on several grounds : 1st. Because costs having been allowed, by the judgment, no other or different relief can now be granted, except upon a rehearing of the cause.

2d. The code of procedure has abolished all former rules and statutes allowing or regulating costs, and no costs can now be granted except such as are allowed by it.

3d. That costs as between attorney and client could only be allowed in favor of a trustee.

*Theo. W. Dwight,* for the appellant.

*G. F. Comstock,* for the next of kin.

Mullin, J. The court of chancery in England was authorized by act of parliament to grant costs in its discretion, as well as to amount as to the parties to whom they should be allowed. Rules were prescribed by which this discretion was regulated, and they seem to have been adhered to, with only now and then an exception. These rules applied to the cases in which costs would be granted or withheld, and desig-

nated the parties to whom costs would be given, whether they succeeded or were defeated in the cause, and to whom a larger amount of costs would be allowed than to other parties in the cause. It will be necessary only to refer to two or three of these rules which have a relation to the question before us.

One of these rules was, that trustees should, in all cases, unless chargeable with misconduct, be entitled to costs either from the opposite party, or out of the fund if there was one in court.

Another was, that trustees should be allowed, in addition to the costs to which other parties were entitled, such reasonable counsel fees and disbursements as they had incurred and were bound to pay.

A third rule was, that in actions for the construction of wills, and the regulation of charities, all the persons necessarily made parties were entitled to their costs out of the fund. And in these cases the trustees or executors were entitled to the additional allowances which were denominated trustees' costs. (*Barrington* v. *Tristram*, 6 Ves. 345, and note; 2 Barb. Ch. Pr. 328, &c.; Law of Trustees by Tiffany, 706, 713; Hill on Trustees, 552, 553, 566, 570; 3 P. Wms. 303; 4 John. Ch. 608; 9 Paige, 94; 6 id. 277; Adams' Equity, 392.)

These allowances were made to trustees, because they were not entitled to compensation for their services, and it was therefore just that they should be protected against loss in the proper discharge of their duties. (Adams' Equity, 61.) These rules were adopted and formed part of an equity system, and were the rule of direction in the courts of equity in this state down to the adoption of the code.

It is insisted that these rules are still in force, while the counsel for the next of kin insist that they are abolished by the code, and the only costs that can now be awarded to a party by the courts of the state are those prescribed in that statute.

By § 303 all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions, and all existing rules and provisions of law restricting or controlling the right of a party to agree with an attorney &c. for his compensation, are repealed.

The costs allowed to trustees and to parties to actions relating to the construction of wills and to charities were never regulated by statute, and hence the repeal of the statutes regulating costs did not reach such costs. And § 303 does not profess to repeal any rule of the courts of equity relating to costs. Indeed the code leaves the power of courts of equity over costs precisely as it was before the code; that is to say, the power to give or withhold costs, in equity cases, remains with the court as before the code. Sections 304 and 305 enumerate the cases in which costs shall be given to the plaintiff or defendant of course in actions prosecuted in courts of record. All the actions so enumerated are what were known before the code as common law actions. Section 306 provides that in other actions costs may be allowed or not, in the discretion of the court.

Section 307 provides that when costs are allowed, they shall be as in that section prescribed; that is to say, for the services rendered, the compensation in such sections allowed shall be awarded, and no more. A court of equity can not, therefore, increase the compensation for a service to which the code has affixed a value; nor can it allow for services in cases not provided for therein.

But it will be borne in mind that the equitable rule of indemnifying trustees for their counsel fees and disbursements in a cause, has not, by any of the sections of the code to which reference has been made, been interfered with.

We now come to § 308, which, it is said, does away with the equitable rule referred to. That section provides that in addition to these allowances, there shall be allowed to the plaintiff upon the recovery of judgment by him in any action for the recovery of real property or for the foreclosure of a·

mortgage, or in any action in which a warrant of attachment has been issued, or for an adjudication on a will or other instrument in writing, and in proceedings to compel the determination of claims to real property, the sum of ten per cent, &c.

The last clause of § 309 provides for a further allowance in difficult and extraordinary cases, when a trial has been had, except those enumerated in the preceding section.

By § 317 it is provided that in an action prosecuted or defended by an executor, administrator, trustee of an express trust or a person expressly authorized by statute, costs shall be recovered as in an action by or against a person prosecuting or defending in his own right, but such costs shall be chargeable only upon or collected of the estate, fund or party represented, unless the court shall direct the same to be paid by the plaintiff or defendant personally, for mismanagement or bad faith in such action or defense.

Section 308 gives the extra allowance provided for in that section to any person plaintiff, on the recovery of judgment in the actions enumerated, whether he is an administrator or trustee or not.

The equitable rule gave the allowance, or trustees' costs as they were termed, to the trustee, whether he was plaintiff or defendant; and so long as that class of persons are fairly and justly entitled to indemnity it should not be withheld from them, unless the legislative intention so to do has been clearly expressed.

It must be conceded that § 308 will give to a trustee plaintiff an allowance beyond taxable costs, and if the court may still award to him counsel fees and disbursements, he may have an allowance beyond what is reasonable or proper. There is no danger, I apprehend, of any injustice being done, as the extra allowance under § 308, or the allowance for counsel fees, can be regulated in reference to each other, so that no more shall be allowed than is reasonable.

By § 317 costs in actions prosecuted or defended by exec-

utors &c. shall be recovered as in actions prosecuted or defended by individuals in their own right.    By this language I understand the legislature to mean, that in actions by and against such parties, in what has been heretofore known as actions at law, costs shall follow of course in favor of the successful party, except that costs shall not be allowed against executors or administrators, unless ordered by the court on motion.    But in equitable actions costs are to be given or withheld in the same cases, and for the same causes, that they are given or withheld in actions between persons prosecuting or defending in their own right.    This section also requires that when costs are given against an executor &c. they shall be chargeable only on the estate, fund or party represented, unless the testator is charged personally, by reason of bad faith.

This section only adopts and applies the equitable rule against persons suing or defending in *autre droit*, and extends it to actions at law, and so far as this class of actions is concerned, the same rule has been applied to them by the legislature since 1830.

None of these provisions of the code interferes or does away with the equitable rule in regard to trustees' costs: 1st. Because they are not specified in any of the provisions of the code; and 2d, those provisions are entirely consistent with the existence of the equitable rule referred to.

It is true that the code makes provision for an extra allowance in cases in which equity heretofore granted such allowance to trustees and others.    But such allowance is not given to a trustee unless he is plaintiff and recovers judgment.    If he is defendant and succeeds in his defense, or if he is plaintiff and is defeated, he is not entitled to any indemnity.    It was never the intention of the legislature to compel a trustee to carry on litigation in defense, or for the enforcement of the rights of the person or estate represented, out of his own pocket.    Such a rule would put an end to all trusts, for the want of persons to accept the burthens and responsi-

bilities of them. No man would take on himself the care of the estates of others, knowing that he must bear the expenses of litigation without indemnity.

I entertain no doubt but that it is still in the power of courts having equity jurisdiction to allow to trustees and others, suing or defending in *autre droit,* such reasonable counsel fees and disbursements, in addition to the costs given by the code, as they may deem sufficient to indemnify them against loss.

Nor do I doubt but that such courts have the power to award costs to any or all of the persons made parties in actions for the construction of wills, and in relation to charities, as they shall deem proper, the jurisdiction of those courts to award costs not having been interfered with by the code.

Whatever may have been the practice of the English chancery, as to allowing trustees' costs to parties to actions for the construction of wills or relating to charities, other than trustees, or others suing or defending in *autre droit,* it was not the rule in this state, such parties being allowed their taxable costs and no more. (*Morrell* v. *Dickey,* 1 John Ch. R. 153; *Rogers* v. *Ross,* 4 id. 608; *Union Ins. Co.* v. *Van Rensselaer,* 4 Paige, 87; *Irving* v. *De Kay,* 9 id. 533; *Hosack* v. *Rogers,* 9 id. 461; *Smith* v. *Smith,* 4 id. 271.)

The code certainly has not enlarged the rules relating to costs in such cases, if it has not restricted them; and it follows that the moving parties in this case are entitled to no more costs than have been allowed them, and the motion must therefore be denied.

This view of the case dispenses with the necessity of examining the question whether we have power after judgment to make the order moved for in this case, without directing a rehearing.

I have not thus far alluded to the case of *Downing* v. *Marshall,* decided by this court in December last. That was a case for the construction of a will which had been heard

and decided in this court on appeal, and the parties were allowed costs, counsel fees and disbursements in the court below, and the question whether these allowances could be made was presented on the appeal, and they were disallowed, the court holding that there was no authority to make such allowances.    MARVIN, J. delivered a very able and elaborate opinion, in which he arrived at the same conclusion to which I have come on this motion.

The motion should be denied.

All the Judges concurring,

Motion denied.