GEORGE LEWIS, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF JAMES D. WESTCOTT, DECEASED, AND AS TRUSTEE THEREUNDER, INDIVIDUALLY, THE STATE BOARD OF CONTROL, AND THE STATE BOARD OF EDUCATION OF FLORIDA, *Appellants,* v. RACHAEL C. M. GAILLARD AND HENRY GAILLARD, HER HUSBAND, *Appellees.*

Opinion filed July 13, 1915.

CHANCERY PRACTICE—COUNSEL FEES WHEN ALLOWED.

Where the counsel has been employed to obtain or create a fund for the *joint benefit of both parties,* his fees, if he prevails, not if he loses,, may be paid out of the funds; but where the interests of the parties are *adverse* only the legal taxable costs can be allowed.

Appeal from Circuit Court, Leon County; J. T. Wills, Judge.

Decree reversed.

*W. J. Oven* and *T. F. West,* Attorney General, for Appellants;

*C. M. Cooper,* for Appellees.

Memorandum of authorities used and referred to in oral argument of this case by T. F. West, Attorney General, attorney for the State Board of Education and Board of Control:

11 Cyc. 97, paragraph D.
Trustees v. Greenough, 105 U. S. 527.
Central Railroad v. Pettus, 113 U. S. 116.
Grimbal v. Cruse, 70 Ala. 534.
Stevens v. Stevens, 37 N. J. Eq. 3.
Rose v. Rose, 28 N. Y. 184.
State v. Florida Central Railroad, 16 Fla. 703.

Mr. Charles M. Cooper, counsel for appellees, cited the following authorities:

2 Perry on Trusts, sec. 747.
Barnard et al. v. Adams et al., 58 Fed. 313, headnote 2.
Brown v. Condit, N. J. Eq. 1905, 61 Atl. 1055 and 1060, paragraph 6.
Noe's Administrators v. Miller's Executors, 31 N. J. Eq. 234, headnote 4 and page 238.
McCauley and Beard v. Wilson, Executor of Henderson, 1st Devereux, N. C. Eq. Reps. page 281.
Trustees v. Greenough, Administrator, 105 U. S., 15th Otto. 527, 26 L. Ed. 1157, 1160.
Central R. R. Co. v. Pettus, 113 U. S. 116, 28 L. Ed. 915.
Moggridge v. Thackwell, 7 Vesey Jr. 35, 88.

TAYLOR, C. J.—The late James D. Westcott of Leon county by his last will and testament left the major part of his estate in trust in the hands of his executor George Lewis for the use and benefit of the West Florida Sem-

inary, a State educational institution located at Talla-
hassee, in Leon county.  By the terms of the will only
the interest upon the principal sum was to be used yearly;
one-half of the annual interest to be expended for the
benefit of students of Leon county, under the direction
of the managing officers of the institution.  For several
years this interest was paid over annually to the institu-
tion according to the terms of the will, until June 5th,
1905, when the Legislature of Florida enacted Chapter
5384, whereby in terms the said West Florida Seminary
was abolished *eo nomine,* but provision was made in the
law whereby another institution for higher education
could take its place, and another State institution for
higher education now called the Florida State College for
Women was promptly established in its stead at Talla-
hassee and has ever since been there conducted.  The ap-
pellees, the Gaillards, as heirs at law of the said James
D. Westcott, deceased, conceiving that the legislative
abolishment of the West Florida Seminary brought the
said trust donation to that institution to an end, and that
the whole estate so held in trust reverted to them abso-
lutely as the heirs at law of the testator, promptly noti-
fied the executor and trustee of their claims, and forbade
him from paying over any part of said estate or the in-
terest therefrom to any others than the said heirs at law,
and on June 28th, 1906, they filed their bill in equity in
the Circuit Court of Leon County against the appellants
herein in which they set up their said claim as heirs at
law to the whole of said trust estate, and prayed therein,
not for directions to the executor and trustee, as to what
disposition he should make of said estate, but that the
whole thereof should be turned over and delivered to
them as the parties rightfully entitled thereto as the heirs

at law of the said testator.   In this litigation they ulti-
mately failed.   The court holding that the said trust had
not failed and come to an end by the enactment of said
Chapter 5384 Laws of Florida, but that it still held in
force in favor of and for the benefit of the institution that
took the place under said act of the abolished West Flor-
ida Seminary.   See Lewis v. Gaillard, 61 Fla. 819, 56
South. Rep. 281.   Since the decision of this court in the
cause the appellees therein the Gaillards have filed a peti-
tion in the same court and cause praying for a decree
adjudging to them out of said trust fund their costs and
counsel fees in the litigation, basing their claim to such
counsel fees upon the ground, in brief, that the litigation
instituted by them resulted in directing and legally set-
tling for the executor and trustee where and to whom the
estate in his hands belonged and could by him with safety
to himself be legally paid.   The appellant George Lewis
as executor and trustee also applied by petition in the
same cause for an allowance for his costs, expenses and
counsel fees in defending the litigation instituted against
him as such executor and trustee, to be paid out of the
funds of said estate in his hands.   These applications for
costs and counsel fees as between attorney and client,
were referred to a master who reported the testimony
taken upon the question of what would be a reasonable
allowance for counsel fees therein, and on the coming in
of the report of the master the court below rendered a.
decree adjudging to the complainants the Gaillards for
their counsel fees in the conduct of the litigation the
sum of two thousand five hundred dollars to be paid by
the said defendant executor and trustee out of the trust
funds in his hands, and allowing the same amount to the
defendant executor and trustee out of the trust funds in

his hands. From this order and decree in so far as it adjudges to the complainants, the Gaillards, the said sum for their counsel fees to be paid by him out of said trust estate the appellants George Lewis as executor and trustee and his co-defendants have again appealed to this court assigning the said feature of said decree for counsel fees to the appellees to be error.

This court in the case of State v. Florida Central R. R. Co., 16 Fla. 703, has said: "Where the counsel has been employed to obtain or create a fund for the *joint benefit of both parties,* his fees if he prevails, not if he loses, may be paid out of the funds; but where the interests of the parties are *adverse* only the legal taxable costs can be allowed." In support of this utterance the case of Ryckman v. Parkins, 5 Paige 545, is cited in the opinion —thus adopting the holding of the New York court on the subject of allowances of counsel fees, Downing v. Marshall, 37 N. Y. 380, a very full and exhaustive discussion of the whole subject. Stevens v. Stevens, 37 N. J. Eq. 3; Grimball v. Cruse, 70 Ala. 534; Rose v. Rose Association, 28 N. Y. 184; Atty. Gen. v. Dublin, 41 N. H. 91.

It is quite true that the result of the litigation instituted by the appellees as the heirs at law of James D. Westcott, deceased, incidentally settled the status of the trust estate, and incidentally determined to whom it should go, but this was not the purpose of that litigation, its main object was 'to destroy the trust created by the testator's will, and to recover for themselves, contrary to the provisions of such will, the entire corpus of the property in the hands of the executor trustee. Their status and interest in the litigation instituted by them was essentially *adverse* to the interests of the executor trustee, adverse

to the interests of the *cestui que trust,* and adverse to the provisions of the testator's will. In this adverse litigation they wholly failed to establish their claim, the court deciding in effect that they were not entitled, as they claimed to be, to the said trust funds or estate or to any part thereof, but that it should remain in the hands of the executor trustee under the provisions of the testator's will for the use and benefit of the *cestui que trust* the Florida State College for Women, the successor to the West Florida Seminary. The funds so lavishly dealt with in the decree appealed from herein, it must be remembered, are trust funds devoted by their deceased donor to the noble cause of education, we fail to appreciate any equitable right that the appellees, the Gaillards, have to assert a claim to have their counsel fees paid out of said funds for conducting a litigation instituted by them in which they sought to recover for themselves the entire trust estate, adversely to the interests of all other parties concerned therein, in which litigation they wholly failed in their effort to show themselves to be entitled to any part or portion thereof.

It follows from what has been said that the decree or order of the court below appealed from herein must be, and is hereby reversed, with directions to enter in its stead a decree disallowing any recovery of counsel fees out of said trust funds and estate to the appellees, the Gaillards, but allowing them only their taxable costs in the case.

SHACKLEFORD and COCKRELL, JJ., concur;

WHITFIELD, J., absent; ELLIS, J., disqualified.