## MATTIE J. SMITH, et al., v. ELLEN ALKIRE CALLISON, et al.

12 So. (2nd) 381            January Term, 1943
March 5, 1943                   En Banc
Rehearing Denied March 31, 1943

*John R. Parkinson,* for appellants.
*William W. Judge,* for appellees.

SEBRING, J.:

Nicholas P. Alkire, a resident of the State of Florida, died leaving a last will and testament. The will was duly admitted to probate. Thereafter, appellees unsuccessfully sought, by appropriate proceedings, to revoke the probate of said will. They were represented in their efforts by an attorney, who took the employment on a contingent basis, and who has not been compensated for his services.

Under such circumstances, does the county judge have authority to order payment of an attorney's fee to such unsuccessful litigants, or their attorney, to be made out of the assets of the testator's estate?

If there is authority for such an allowance, it must be found in Section 158 of the 1933 Probate Act, c. 16103, which reads as follows:

"Any attorney who has rendered services to an estate, or the personal representative, may apply to the court by petition for an order making an allowance for attorney's fees, and after notice to persons adversely affected, the court shall make such order with respect thereto as shall be proper."

The order, or judgment, of the probate court in this case allowed an attorney's fee to the unsuccessful contestants, finding that the legal services which had been rendered by the attorney in attempting to upset the will "were beneficial

to said Estate in determining whether or not said will should be admitted to probate."

We think that the entry of such order was unwarranted. This is not a case where counsel has been employed to obtain or create a fund for the joint benefit of all parties, and has been successful in his efforts. Lewis v. Gaillard, 70 Fla. 172, 69 So. 797. Neither is this a case where an attorney represents one who is named as executor in a will which is apparently valid on its face, and who in good faith offers the will for probate. Watts, et al., v. Newport, 150 Fla. 209, 9 So. (2nd) 417. The case now before us is one where the main object of the litigation is to destroy the will and to recover the corpus of the property for the contestants, themselves, contrary to the provisions of the will and adversely to the interests of all persons named therein.

Under these facts, it cannot be said that such unsuccessful contestants, or their attorney, have "rendered service to an estate, or the personal representative," within the purview of the Probate Act. The allowance of the attorney's fee, therefore, was erroneous; and the judgment must be reversed.

It is so ordered.

BUFORD, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.

BROWN and CHAPMAN, JJ., dissent.

BROWN, J., dissenting:

Under the peculiar circumstances of this case, I think the county judge was justified in finding that the services of the attorney were of value to the estate, and that the judgment affirming his order should be affirmed.