**IN RE: ESTATE OF P. P. COBB, Deceased**

26 So. (2nd) 442                                      January Term, 1946
June 7, 1946                                          Division A
Rehearing granted Aug. 2, 1946.

*Mabry, Reaves, Carlton, Anderson & Fields,* for appellants.

*Carlton & Ellis* for W. E. Vassar, Executor of the Estate of P. P. Cobb, deceased and *McCarty & Brown* for Fort Pierce Memorial Hospital and Fort Pierce Woman's Club Public Library, appellees.

PER CURIAM:

This appeal is from a final decree adjudicating $15,000 to be a reasonable attorneys fee for contesting and setting aside an alleged will of P. P. Cobb, late of St. Lucie County. The testimony values Cobb's estate at a figure from $80,000 to $100,000. It is conceded that the case was very skillfully handled and that the contestant's counsel rescued the estate from disposition under a bogus will and are entitled to an ample fee, though no definite amount was contracted for. The bogus will disposed of, a bona fide will was revealed, but the difference in them was in the disposition of the residuary estate. The legacies in each were the same.

Eminent counsel testified that a reasonable fee should be fixed at one-third the value of the estate. Some of counsel who testified as to the fee thought that the amount of the legacies, $21,000, should not be considered in determining the fee, because that amount, having been distributed under either will, was not actually involved in the contest. Appellants contend that the Chancellor disregarded all the evidence and fixed an amount that was inadequate considering the services performed.

This Court has frequently detailed the elements that must actuate the trial court in reaching its judgment in a case of this kind. The lawyers who testified as to the fee here are

known to be some of the best in the state. The trial judge is also known to be a very able and fair judge, who knows the local color, the assets of the estate, and the conditions that affect it. He should not be reversed unless it is made to appear that he abused his discretion or was clearly wrong in his judgment. The major portion of the estate was in personal real estate that must be reduced to cash before distribution. Then there are other legal expenses that must be paid.

Attorneys fees in a case of this kind should be reasonable and adequate, though the condition of estates is sometimes such that they may be neither. They should not be so small as to shock commonly accepted patterns of reason; neither should they be so large as to outrage the public conscience. If the Circuit Court had a well-grounded conviction that the estate would bring an amount materially below what it was appraised at, he should not be held in error for the amount he allowed; neither should he be held in error because he did not see eye to eye with those who testified as to the reasonable fee. He knew the status and condition of the assets and the amount of labor performed better than any of them. Estates rarely bring what they are appraised at when put on forced sale.

We are of the view that the bill of $721.95 expended by Doyle E. Carlton in preparing the case for trial may in equity be charged as costs against the estate. In all other respects, the judgment is affirmed on the ground that it does not clearly appear that the Chancellor abused his discretion or applied a wrong rule of law to the evidence.

Affirmed.

CHAPMAN, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.


PER CURIAM:

On petition for rehearing, this cause has been thoroughly reviewed, and we have concluded that counsel should be awarded an increase of $2500 attorneys fees. The petition for rehearing is, therefore, granted, and the concluding para-

graph of our per curiam opinion filed June 7, 1946, is receded from and annulled in toto, and counsel for the contestants are allowed additional attorneys fees of $2500, no allowance for expenditures in preparing the case. In all other respects our former opinion is affirmed on rehearing.

It is so ordered.

CHAPMAN, C. J., TERRELL, THOMAS and ADAMS, JJ., concur.