136 So.2d 21 (1961)
In re ESTATE of Iva Neil BLANKENSHIP, Deceased.
COLES, HIMES & LITSCHGI, Attorneys for Damon Runyon Memorial Fund for Cancer Research, Inc., and MacFarlane, Ferguson, Allison & Kelly, Attorneys for Hillsborough County Association for the Blind, Appellants,
v.
J.L. REED & SON, a Co-partnership Consisting of J.L. Reed, Jr., and Joe L. Reed, III, As Trustee; Joe L. Reed, III, As Executor and Trustee; and Thelma Grace Brown, Appellees.
No. 2291.
District Court of Appeal of Florida. Second District.
December 20, 1961.
*22 Coles, Himes & Litschgi, MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Jordan & Jordan, and Tittsworth & Tittsworth, Tampa, for appellees.
SMITH, Judge.
Appellants are attorneys at law who represented the named charitable organizations in litigation concerning this estate, resulting in an opinion of this court. In re Blankenship's Estate, Fla.App. 1959, 114 So.2d 519, and an opinion of the Supreme Court, In re Blankenship's Estate, Fla. 1960, 122 So.2d 466. The appellees are the executor and trustees and the daughter of the deceased. The appellants petitioned the County Judge's Court for attorneys fees, authorized by Section 734.01(2), Florida Statutes, F.S.A., for services rendered to the Estate and to the executor in the course of the litigation resulting in the above opinions. The appellees opposed the allowance of any attorneys fees, contending that the appellants were employed by, and represented the charitable organizations who were beneficiaries in the will and that the charitable bequests were successfully contested by the daughter of the deceased and that, therefore, the attorneys for the appellants had not rendered any services to the estate or to the executor. The court heard the testimony of the respective parties and entered an order which, after reciting the proceedings and the evidence, provides as follows:
"The Court * * * is of the opinion that the said petitioning attorneys are not entitled to compensation for any services rendered by them from the estate of the decedent. It appears clear to the Court that said petitioning attorneys rendered no services to the estate or to the executor or which the executor should have rendered in their attempt to uphold the charitable bequests in the will. The services they rendered were to the beneficiaries of the will whose charitable bequests were successfully contested by Thelma Grace Brown, the daughter of the decedent.
"Accordingly, it is Ordered and Adjudged that the application of said attorneys for the payment to them of compensation from the estate of the decedent be and the same is hereby disapproved and disallowed."
Appellees contend that the appellants may not be allowed an attorneys fee from the assets of this estate under the authority of In re Gleason's Estate, Fla. 1954, 74 So.2d 360, and In re Graham's Estate, 1945, 156 Fla. 421, 23 So.2d 485. These decisions are not controlling in this instance, because in each of these the attorneys were employed on a contingent fee basis so that recovering nothing, there was no fee to be paid to them. Appellees further cite as authority for their position Smith v. Callison, 1943, 152 Fla. 516, 12 So.2d 381, and Lewis v. Gaillard, 1915, 70 Fla. 172, 69 So. 797. The former involved a claim of fees in an action to revoke the probate of a will, and the latter to assert an interest adverse to the provisions of a will, and neither are controlling. The provisions of the statutes authorizing attorney's fees for an executor in offering a will for probate, even though unsuccessful, Section 732.14(3), Florida Statutes, F.S.A., and the decisions construing that section, although enlightening, are not decisive.
The law is well settled that it is the duty of an executor to defend the will, 95 C.J.S. Wills § 331; and, 33 C.J.S. Executors and Administrators § 225. However, the litigation forming the basis for this claim for attorney's fees did not constitute an attack on the will, nor a defense thereof, because the statute in question, Section 731.19, Florida Statutes, F.S.A., made the charitable bequests voidable. This statute is for the benefit of the heirs, which they *23 may invoke or waive. Taylor v. Payne, 1944, 154 Fla. 359, 17 So.2d 615, 154 A.L.R. 677. So, in the instant case, the charitable devisees and their attorneys were not rendering a service or benefit to the estate which the executor was required to do. This is not an instance of an action where the executor was about to defeat the purpose and intent of the testator as was the case in Johnson v. Burleson, Fla. 1952, 61 So.2d 170. It was not the duty of the executor to endeavor to carry out the purpose and intent of the testator as expressed in her will where the statute provided a different purpose.
There can be no doubt that attorneys fees may be allowed, pursuant to Section 734.01(2), Florida Statutes, F.S.A., to an attorney who has rendered services to an estate even though these services were initially rendered on behalf of a beneficiary of the estate. The benefit to the estate may be by producing additional assets, or in performing legal services where they became necessary by reason of laches, negligence, or fraud on the part of the personal representative in failing to perform his duties. Even in those instances, the County Judge should exercise great care in granting an allowance of attorney's fees for actions precipitated by others than the personal representative. Likewise, an appellate court should exercise great care in reversing an order of a County Judge denying an allowance of fees for legal services rendered to others than the personal representative of the estate. In re Farris' Estate, Fla.App. 1959, 113 So.2d 721.
The record in this case establishes the fact that there was a most difficult legal question involved in the litigation, and all parties concede that there is no question here concerning the good faith nor ability of the attorneys. Their employment was not on a contingent fee basis. There appears in the record the uncontroverted statement of the attorney for the executor to the effect that neither the executor nor his attorneys withdrew from the matter, but because they considered the attorneys for the charitable devisees able counsel, the executor and his attorneys did not attempt to duplicate the services. The legal services rendered by the attorneys for the charitable devisees produced no benefit to the estate and they were not necessary because of the failure of the personal representative to perform his duties, and, therefore, the attorneys are not entitled to payment of their fees from the assets of this estate.
Affirmed.
SHANNON, C.J., and KANNER, J., concur.