PER CURIAM.
For their services as attorneys for an ad-ministratrix ad litem which resulted in recovering a large fund for the estate (see First National Bank of Miami v. Knowles, Fla.App.1962, 138 So.2d 95; Knowles v. *744 First National Bank of Miami, Fla.App. 1964, 159 So.2d 662), the county judge, after notice and hearing (§ 734.01(2), Fla.Stat., F.S.A.) allowed fees of approximately 27% of the amount recovered.
Appellants who challenge the fee allowance are interested only indirectly. They are beneficiaries under the will of another decedent who, in turn, was entitled to a substantial share of the estate out of which the attorney fees were allowed. Appellants make several contentions: (1) that the court did not have authority to allow such fees and charge them against the entire estate, (2) that an initial fee contract which the attorneys had made with a beneficiary precluded the court allowance, and (3) that the allowance was excessive. We hold those contentions to be without merit. The court was authorized by law to award fees to the attorneys for their services, and for obtaining a fund for the benefit of the estate the court could properly allow attorney fees and charge them to such fund. See Lewis v. Gaillard, 70 Fla. 172, 69 So. 797; Trustees of Internal Improvement Fund of State of Florida v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; 8 Fla.Jur., Costs, § 37. The contract which the attorneys or one of them had with the beneficiary was no reason to prevent the fee allowance, because in creating the fund for the estate the attorneys acted with court approval on behalf of the administrator ad litem. Moreover the court in its order found the attorneys’ services benefited the individual legatee in question “and the Petitioners (attorneys) were not representing any adverse or conflicting interest in his Estate, in creating this fund.” Finally, the allowance was not shown to be excessive. It was supported by evidence presented on behalf of the petitioning attorneys. The objectors presented no contrary evidence. The county judge expressly found the fees to be reasonable and that the attorneys had rendered “extraordinary services in creating and bringing a fund into this estate.”
For the reasons stated the order appealed from is affirmed.