BARKDULL, Judge.
The appellant, defendant in the trial court, seeks review of that portion of a final decree awarding the appellees’ attor *82 ney's fees in an action to reinstate a lost or misplaced note and mortgage.
On or about June 21, 1951, the appellees gave a purchase money note and mortgage. Thereafter, they made payment on the note until June 1, 1964, at which time they tendered the final payment conditioned upon delivery to them of the original note, mortgage, an abstract, and satisfaction, and a certified copy of the death certificate of the appellant’s wife. The appellant offered the satisfaction, abstract and death certificate, but was unable to furnish the original note and mortgage as they had been lost or misplaced. In June of 1965, the appellees brought the instant suit, seeking to reestablish the lost or misplaced note and mortgage, costs and legal expenses, and equitable relief. Issue was joined and the trial court, sitting as trier of the fact, heard the cause. At the conclusion thereof, the trial court found for the appellees and entered the final decree now under attack.
The appellant contends the trial court abused its discretionary power in awarding the appellees’ attorney’s fees, on the grounds there exists no statute or agreement therefor and there are no facts providing for the payment of said fees under heretofore prescribed equitable principles. Furthermore, the only evidence to support the amount of said award is the testimony of the attorney to whom the fees were awarded. We reverse.
First, there were no pleadings which raised this matter as an issue of damages ; its only .recovery was sought as an item of cost. It has often been stated that attorney’s fees are not recoverable in this State unless provided by contract or statute. See: Webb v. Scott, 129 Fla. 111, 176 So. 442; Brite v. Orange Belt Securities Co., 133 Fla. 266, 182 So. 892; Dorner v. Red Top Cab & Baggage Co., 160 Fla. 882, 37 So.2d 160; Cooper v. Fulton, Fla.App.1963, 158 So.2d 759. There are certain recognized exceptions [see: Lewis v. Gaillard, 70 Fla. 172, 69 So. 797; Wade v. Clower, 94 Fla. 817, 114 So. 548; National Surety Company v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24; Esch v. Forster, 123 Fla. 905, 168 So. 229; In re Estate, of Cobb, 157 Fla. 590, 26 So.2d 442; Universal Const. Co. v. Gore, Fla.1950, 51 So.2d 429; Fontainebleau Hotel Corporation v. Postol, Fla.App.1962, 142 So.2d 299], none of which exceptions are involved in the instant case.
Not finding any basis, by statute or contract, for the awarding of the attorney’s fees and not finding this cause within the exceptions recognized by the appellate courts of this State, we find it error for the chancellor to have awarded same. It is further noted that even if the appellant would have been liable for attorney’s fees, same were not established by appropriate evidence or testimony. See: Lyle v. Lyle, Fla.App.1964, 167 So.2d 256.
Therefore, for the reasons above stated, we reverse so much of the final decree as related to the award of attorney’s fees and return this matter to the chancellor, with directions to strike said provision. In all other respects, the final decree is affirmed.
Affirmed in part; reversed in part, with directions.