HOBSON, Judge.
Arthur C. Frizzell died on January 6, 1961. His last will and testament dated February 15, 1960, and a codicil thereto dated July 9, 1960 were duly admitted to probate in the County Judge’s court in and for Charlotte County on January 9, 1961. These instruments contained the following provisions:
1. That portion of the estate “which shall be equal to that to which she would otherwise be entitled if she were to elect to take dower therein” was devised and bequeathed to his surviving spouse, Dorothy Carey Frizzell.
2. The sum of $25,000 was bequeathed to the decedent’s son, Arthur Paul Frizzell, if he survived the decedent, or, if he did not survive, to the son’s wife, Sandra Frizzell.
3. Forty per cent of the residue of the estate was devised and bequeathed, in equal shares, to the following named persons: John P. Frizzell; Lizzie F. Taylor; Lula F. Kennedy; Joyce L. Hind-man; Jack Ray Hindman; William R. Frizzell; Catherine Irving; Annabelle Mathis; and Lemuel B. Standifer.
4. An additional twenty per cent of the residue of the estate was devised and bequeathed, in equal shares, to John P. Frizzell and Lizzie F. Taylor.
5. The remaining forty per cent of the residue of the estate was devised and bequeathed, in trust, for the following pur *676 poses: The net income from the trust property was to be paid to the decedent’s son, Arthur Paul Frizzell, for the remainder of his life. Upon the death of Arthur Paul Frizzell, the trust property was to be transferred, in equal shares, “unto the lawful issue of Arthur Paul Frizzell, and in the event of the death of any such issue prior to the death of Arthur Paul Frizzell, to their issue in equal shares, per stirpes.”
6. First National Bank in Fort Myers, a national banking association, was named executor of the will and trustee of the testamentary trust.
At Arthur C. Frizzell’s death, the lawful issue of Arthur Paul Frizzell consisted of his four minor children: Cheryl Lee Frizzell; Steven Paul Frizzell; Alan Claire Frizzell; and Merry Frizzell.
At Arthur C. Frizzell’s death, his immediate family consisted of his surviving spouse, Dorothy Carey Frizzell; his son, Arthur Paul Frizzell; and his adopted daughter, Patti Lee Frizzell. The decedent and his wife, Dorothy Carey Frizzell, filed a petition for the adoption of the infant girl and a final decree of adoption was entered on October 10, 1960.
Neither the last will and testament of the decedent nor the subsequent codicil made any reference to Patti Lee Frizzell. As a result, there was extensive litigation in the lower court to determine whether Patti Lee Frizzell was a pretermitted child within the intent and meaning of Fla.Stat. 731.11, F.S.A. (1963).
In the lower court litigation concerning this matter, Hill and Macfarlane represented the following parties: Arthur Paul Frizzell; Sandra Frizzell; John P. Friz-zell; Lizzie F. Taylor; Lula F. Kennedy; Joyce L. Hindman; Jack Ray Hindman; William R. Frizzell; Catherine Irving; Annabelle Mathis and Lemuel C. Standifer. These parties contended that Pattie Lee Frizzell was not a pretermitted child and petitioned for distribution in accordance with the provisions of the will.
The firm of Wotitzky, Wotitzky & Schoonover represented the executor. The executor petitioned for instructions and for a construction of the will.
Dorothy Carey Frizzell, individually and as guardian of the property of Patti Lee Frizzell, by the firm of Sheppard & Wools-lair, her attorneys, and Patti Lee Frizzell, by her attorney and guardian-ad-litem, Elwood P. Safron, contended that Patti Lee Frizzell was a pretermitted child and entitled to a child’s share of the estate.
No specific representation by an attorney at law was made on behalf of the testamentary trustee nor on behalf of any beneficiary under the trust, except Arthur Paul Frizzell, individually. The First National Bank did not qualify as testamentary trustee until March 21, 1964.
The lower court litigation concerning the application of the pretermitted child statute was terminated by the opinion and order of the lower court dated July 25, 1962.
The opinion and order of the lower court held that Patti Lee Frizzell was a pre-termitted child of the deceased within the intent and meaning of Fla.Stat. 731.11, F.S.A. (1963), and that she was entitled to a child’s share (one-third) of the estate. In re Frizzell’s Will, 20 Fla.Supp. 41 (1962).
Hill and Macfarlane prosecuted an appeal from the order on behalf of the same group of persons whom they had represented in the lower court. The executor, the widow and the pretermitted child were represented in this proceeding, as appellees, by independent counsel. The order of the lower court was affirmed. In re Frizzell’s Estate, Fla.App.1963, 156 So.2d 558.
Hill and Macfarlane, on behalf of the same parties, then petitioned for certiorari to the Supreme Court.
On February 3, 1964, during the pendency of the certiorari proceeding, counsel for tire various parties to the litigation entered into a stipulation on behalf of their *677 clients. The stipulation contained the following relevant provisions:
1. It was agreed that a total of $210,000 was to be paid to those persons entitled to receive the residue of the estate according to the provisions of the will in full satisfaction of their rights in the estate by virtue of the will.
2. It was agreed that the sum of $210,000 was to be paid to Patti Lee Frizzell in full satisfaction of her right in the estate by virtue of her status as a pretermitted child.
3. It was agreed that the $25,000 bequest to Arthur Paul Frizzell was to be paid in full.
4. It was agreed that the remainder of the net assets of the estate was to be paid to the widow, Dorothy Carey Frizzell, in full satisfaction of her right in the estate by virtue of the provisions of the will.
The signatories to the stipulation and their respective representations were as follows:
1. Hill and Macfarlane represented the same group of persons whom they had represented in the previous litigation.
2. The firm of Wotitzky, Wotitzky & Schoonover represented the First National Bank as Executor.
3. The firm of Sheppard and Wools-lair represented Dorothy Carey Frizzell, individually, and as parent and guardian of the property of Patti Lee Frizzell.
4. Elwood P. Safron represented himself as guardian-ad-litem of Patti Lee Friz-zell.
By its order of February 14, 1964, the lower court approved, ratified and confirmed the' stipulation. The order directed that the $25,000 bequest to Arthur Paul Frizzell be paid in full forthwith, that the sum of $210,000 be paid to the guardian of the property of Patti Lee Frizzell on further application to and order of the court, and that the sum of $210,000 be paid to the attorneys of record for the residuary leg-1 atees and devisees forthwith, to be distributed to the legatees and devisees on further application to and order of the court.
At the request of all parties to the cause, the certiorari proceeding was dismissed by the Supreme Court on February 28, 1964. Frizzell v. First National Bank in Fort Myers, Fla.1964, 162 So.2d 666.
The distributions to Arthur Paul Friz-zell and Patti Lee Frizzell were made without incident.
The sum of $126,000 was paid to Hill and Macfarlane as attorneys of record for all the residuary legatees and devisees except the testamentary trustee.
The sum of $84,000 was paid to the firm of Wotitzky, Wotitzky & Schoonover as attorneys of record for the First National Bank in Fort Myers.
By its order of April 3, 1964, the lower court ordered disbursement of the funds held by Hill and Macfarlane. The order directed that a total of $19,649.99 be paid to Hill and Macfarlane as attorneys’ fees and costs, and that the remaining $106,-350.01 be paid to the various legatees and devisees whom they represented in accordance with the provisions of the will.
On May 25, 1964, and November 13, 1964, the firm of Wotitzky, Wotitzky & Schoonover petitioned the lower court for permission to disburse the $84,000 to the testamentary trustee. A ruling was withheld on the first petition and the second petition was denied on December 29, 1964.
Subsequently, on January 4, 1965, the court ordered the law firm of Wotitzky, Wotitzky & Schoonover to pay back over to First National Bank in Fort Myers as executor the sum of $84,000, together with all interest which had been received upon said monies pending further distribution of said assets of the estate as the court would direct
*678 On December 2, 1964, Hill and Macfar-lane petitioned the lower court for an award of attorneys’ fees from the fund held by the firm of Wotitzky, Wotitzky & Schoonover. The petition asked that such fees as might be awarded to Macfarlane be paid in accordance with an “Assignment of Income from Trust” attached to the petition. Said assignment was attached for the purpose of being “recognized by the court as a means of determining an appropriate method by which distribution may be made of compensation allowed to petitioners after determination of the extent and amount of attorneys’ fees.
Said assignment contained a recitation of Arthur Paul Frizzell’s (the income beneficiary of the testamentary trust) agreement to pay the Macfarlane firm $8,400 for services rendered to him in connection with the estate. Said sum was to be paid $150 per month out of income of the trust until the total had been paid. The assignment also provided that it would become the basis ■ of an order of the court directing payment of attorneys’ fees to assignee as provided by the instrument and, further, that said order would provide in the event of invalidity of the assignment, or death of the assignor, or a termination of the income to the trust, or in the event the income is less than $150 per month, that said monthly payments be paid out of the corpus of the trust until the $8,400 is paid in full.
In the course of the proceedings culminating in the issuance of the order appealed herein the appellant First National Bank made timely motions to dismiss the above-described petition on the grounds that the lower court lacked jurisdiction over its subject matter, that indispensable parties had not been joined in the proceedings, and that the petition failed to state a cause of action.
The final order decided the controversy in favor of Hill and Macfarlane. This is the order that is subject to review herein and in consideration of the factual complexities previously detailed we set forth the final order in its entirety:
“This cause coming on before me to be heard on the petition of Leroy Hill and Macfarlane, Ferguson, Allison & Kelly for award of attorney’s fees and costs, and the Court having heard the testimony of witnesses and received other evidence and stipulations, and being fully advised in the premises herewith finds and concludes :
“1. At the time of the hearing, the First National Bank in Fort Myers, as Executor of the Estate of Arthur C. Frizzell, possessed the sum of $84,000, plus interest earned by investment of such fund. This sum had arisen by virtue of an agreement which resolved litigation in this Court by fixing the residue of the estate, bequeathed and devised to certain named individual distributees and to the First National Bank in Fort Myers as Trustee, at $210,000.00.
“2. The share of the residue for which the First National Bank in Fort Myers was Trustee was fixed by the Will at 40%, and there thus arose the fund of $84,000, which was the subject of this proceeding.
“3. The income beneficiary of the Trust is Arthur Paul Frizzell, the other beneficiaries being minor children, for whom Sandra Frizzell is Guardian of their person and property.
“4. The petitioning attorneys represented all distributees under the Will except the widow, Dorothy Carey Frizzell, and the First National Bank in Fort Myers, in extensive litigation, resulting in the compromise agreement referred to above, the Stipulation to that agreement being subsequently ratified and approved by this Court.
“5. The legal services rendered by the petitioning attorneys have been responsible for raising the fund or property representing the residuary estate, and including the sum of $84,000 representing 40% of that residuary estate, and that sum should be appropriately charged, *679 before leaving the custody of this Court with its just share of attorney’s fees and costs.
“6. This Court finds that the just burden of attorney’s fees and costs to be charged against such $84,000 is $8,400 for the law firm of Macfarlane, Ferguson, Allison & Kelly, and $3,000 plus costs of $40.00 for Leroy Hill; and the fund of $84,000 is so burdened with such charges.
“7. By an assignment dated April 3, 1964, Arthur Paul Frizzell assigned to Macfarlane, Ferguson, Allison & Kelly from his interest as income beneficiary in the trust portion of the residuum of the estate, the sum of $150. per month, to apply against its fees to the extent of $150. This assignment, in its entirety, is not inconsistent with the order which this Court is entering herewith, and may be enforced in accordance with its terms, which provide, in effect that the sum of $84,000 be transferred to the First National Bank in Fort Myers subject to the lien and charge of the Macfarlane, Ferguson, Allison & Kelly firm for services, but to be paid out of income at $150. per month if possible, and if not, for the various reasons stated therein, then out of corpus.
“8. By order of August 5, 1965, this Court realizing that income might be paid out in accordance with the assignment referred to above to the extent then available, and that, this being so, there would remain an undisputed portion of the sum of $84,000 referred to above of $73,800, ordered that amount to be transferred to the First National Bank in Fort Myers as Trustee, and that the balance of the accrued income be properly distributed by that Trustee to the income beneficiary. The balance was ordered continued to be held by the Executor, subject to this Court’s order which is herein presently made.
“Thereupon the Court being fully advised in the premises, it is
“ORDERED and ADJUDGED, that:
“1. The First National Bank in Fort Myers as Executor, shall pay from the $10,200 retained by it as Executor by order of this Court of August 5, 1965,
a. To Leroy Hill, the sum of $3,000.00 plus $40.00 costs.
b. To itself as Trustee, the balance thereof, but such amount shall be held by it surcharged and under lien to satisfy any payment necessary to be paid out of corpus, when and to the extent that, the assignment of income dated April 3, 1964, should fail to pay to Macfarlane, Ferguson, Allison & Kelly, the full sum of $8,400.00.
“2. The Assignment of Income dated April 3, 1964, by Arthur Paul Frizzell, shall be recognized by the Trustee, in accordance with its terms.
“DONE AND ORDERED, this 12th Day of October, 1965.”
Appellant does not contest that portion of the final order which awards to appellee Macfarlane the sum of $150 from the net income of the trust pursuant to the above-described assignment of income agreement between Macfarlane and Arthur Paul Friz-zell. However, appellant does assign as error that portion of the decree which would award compensation from the corpus of the trust and the additional payment of $3,040 to Attorney Hill.
From an exhaustive examination of the respective briefs, the record on appeal and our independent research, we hold the judge erred in awarding the above stated sum to Attorney Hill and granting an award from the corpus of the trust to satisfy the $8,400 due Attorney Macfarlane under the assignment of income agreement should the monthly income be insufficient to meet the $150 per month payment
*680 It appears from an examination of the final order appealed herein, and in particular paragraph 5, the judge was of the opinion that Hill and Macfarlane had been responsible for the creation, preservation and increase in the fund from which they sought and received compensation. While it is true that a court may allow attorney fees from a common fund where the action in question has “preserved, protected, or increased the common fund,” 8 Fla.Jur. Costs, § 37, such was not the case herein. The record reveals that appellees’ main objective was to prevent Patti Lee from taking any share of the residuary estate. The record reveals she took $210,-000. In summary appellees were unsuccessful in both the trial and appellate courts in their attempt to prove that Patti Lee Frizzell was not a pretermitíed child.
We feel the applicable principle of law is stated in Lewis v. Gaillard, Fla.1915, 70 Fla. 172, 69 So. 797. In that case the decedent had created a testamentary trust. The income from the trust was to be used to provide scholarships for worthy students at West Florida Seminary. In 1905, West Florida Seminary was abolished and replaced by Florida State College for women. The attorneys for the heirs at law of the decedent engaged in extensive litigation to recover the corpus of the trust for their clients on the theory that the object of the trust had failed.
Although the efforts of the attorneys were entirely unsuccessful, their clients petitioned for an award of attorneys’ fees from the corpus of the trust for their services to the trust. The lower court granted the petition. On appeal, the award of attorneys’ fees was reversed:
“It is quite true that the result of the litigation instituted by the appellees * * * incidentally settled the status of the trust estate, and incidentally determined to whom it should go, but this was not the purpose of that litigation. Its main object was to destroy the trust created by the testator’s will * * *. We fail to appreciate any equitable' right that the appellees * * * have to assert a claim to have their counsel fees paid out of said funds for conducting a1 litigation instituted by them in which they • sought to recover for themselves the entire trust estate adversely to the interests of all other parties concerned therein, in which litigation they wholly failed in their effort to show themselves to be entitled to any part or portion thereof.” 69 So. p. 798.
After an examination of the record in its entirety and in particular the testimony produced at the hearing preceding the issuance of this contested order, we conclude that there is no competent substantial evidence to support the conclusion that either Attorney Hill or Attorney Macfarlane “preserved, protected, or increased the common fund.” However, a witness, Mr. Lewis W. Smith, Vice President and Trust Officer of the First National Bank in Fort Myers, produced on behalf of the appellant, testified without objection and unequivocally as follows:
“Q You have been intimately involved, of course, in all of these proceedings. Would you testify whether or not the value of the estate was increased or decreased by the services of Mr. Hill and the Tampa firm?
A I would say that it was decreased, for the reason that there was substantial litigation and extraordinary services and additional court costs involved.”
* * * * * *
“Q In an estate the size of this, is it likely that the residuary estate would ever have been less than the $420,000?
A No.
Q So that the services of these attorneys, Mr. Hill and the Tampa firm'. *681 actually resulted in a diminution of the amount that would he paid into this trust for Paul Frizzell, is that correct ?
Yes. <
Was any fund, or this trust fund, was it created by the services of Mr. Hill and the Tampa Firm? O!
A No, by the will.
Q Was it in any manner preserved or protected by the services of Mr. Hill and the Tampa firm?
A No, it was not.”
Based upon the testimony in the record on appeal it was error for the probate judge to award any additional fees to the appellee attorneys from the residue of the funds to be paid into the testamentary trust. Appellees have no equitable right to an award of compensation from a fund incidentally affected.
Further, as to the assignment of income agreement between Attorney Macfarlane and Arthur Paul Frizzell, we also hold the probate judge erred in holding that if for various reasons the $150 monthly assignment could not be paid out of income, then it should be paid from the corpus of the trust.
Having held that neither Attorney Hill nor the Tampa firm were entitled to attorneys’ fees from this particular fund, it was error for the probate court to encumber the corpus of the funds to be paid into the testamentary trust. All matters pertaining to the probate of the decedent’s estate having been completed, the 40% of the residue, or in this instance, the $84,000, should have been paid to the testamentary trustee as the corpus of the testamentary trust.
Reversed and remanded for further proceedings consistent with this opinion.
ALLEN, C. J., and WILLSON, J. H., Associate Judge, concur. .