PER CURIAM.
This is an appeal from an amended final judgment following a nonjury trial in favor of the third party plaintiff, Robert S. Medow, individually and as nominee for Medowlite Corporation of America and Medowlite Corporation of America, a Florida corporation, and against the third party defendant, Schott Industries, Inc., appellant herein, in the sum of $26,000.21, and the sum of $17,500.00 attorney’s fees in favor of the attorneys representing the third party plaintiff, awarded against the third party defendant.
Two issues are raised on appeal. The first is whether the trial court erred in finding an error in calculation and amending the final judgment as to the amount due the third party plaintiff.
Since the trial court was sitting without a jury, it is the sole trier of fact and its judgment carries the weight of a jury verdict. American Mutual Fire Insurance Company v. Illingworth, Fla.App. 1968, 213 So.2d 747, 749. Having carefully reviewed the record on appeal and finding sufficient evidence to support the findings of the trial court, the judgment, as amended, will not be disturbed on appeal.
The second issue is whether it was error for the court to award attorney’s fees to the third party plaintiff. It is well established that attorney’s fees cannot be awarded absent authorization by statute or by agreement of the parties. Schwartz v. Biscontini, Fla.App.1966, 187 So.2d 81; Lang v. Lang, Fla.App.1971, 252 So.2d 809.
The award of attorney’s fees in this case was presumably authorized by an affidavit guaranteeing payment executed by the third party defendant. The affidavit provides that the third party defendant will indemnify the third party plaintiff for any costs incurred in defending claims or losses brought by any individual, firm, corporation or entity for the payment of certain enumerated items. Although this action was originally brought by another party against the third party plaintiff, the claim of the plaintiff was paid by the third party defendant and the plaintiff’s action was dismissed.
The instant award of attorney’s fees was based solely upon the representation of the third party plaintiff in his third party action. There is no agreement between the parties to pay any fees or costs for indemnification when the third party plaintiff prosecutes rather than defends an action. Therefore, in the absence of a statute or an agreement between the parties, the award of attorney’s fees is unauthorized and hereby is reversed.
Affirmed in part, reversed in part.